Judge Mills
delivered the opinion.
Griffith filed his hill, alleging that Depew had given bis bond to convey a tract of land by certain metes and bounds, in the bill set forth, to Speaks, tvho assigned it to Graham, who assigned it to him, the complainant; and that about the time the period arrived when the deed was to be made,’ he lost the bond and cannot find it; and he exhibits and swears to a copy, as nearly as his recollection will serve, and be then makes Depew, Speaks and Graham defendants, and prays a conveyance. Speaks admits that he held the bond, and assigned it to Graham, who, he believes, assigned it to the complainant Against Graham publication was had, and the bill taken for confessed as a nonresident. Depew, in his answer, admits he sold the land to Speaks by the boundaries, or part of them, contained in the bill; but alleges that he was deceived in the quantity, having ealcujated by a scale and dividers, supposed it to be but forty acres, when it has since turned out to be eighty, and professes his willingness to convey the forty only. This answer he amended after, upon exceptions it was adjudged insufficient; but the amendment contains no matterneces-sary to be noticed. Griffith afterwards amended his bill, and charges that Depew has no title at alt to convey, and calls upon him for disclosure of title — declares that the defect of title in Depew was a late discovery — charges that he has possession of the land, and that he has made valuable improvements thereon, which he alleges he is likely to loose by an ejectment brought agasnst him and iJepew by some other person, and prays a rescisión of the contract, a decree for the value of the land, and pay for his improvements. To tbis bill Depew filed bis answer, alleging sundry matters, which are not necessary to be detailed, as none *178 0f (j¡em are established by proof. He repeats liis profesS*0,!S willingness to convey, but answers not as to the improvements; nor does be attempt to disclose his title, but he aduiifs the existence of an ejectment against the complainant, which he avers is by collusion between the complainant in this suit and the plaintiff in ejectment. To this answer the complainant excepted as insufficient, because it did not disclose title, and ivas not responsive to the bill; but he afterwards appears to have waived bis exceptions by moving the court to take the bill for confessed as to every charge, to which Depew had not responded, which order the court accordingly granted. The existence of thp bond and its boundaries were proved with considerable certainty. The court decided that the contract should be set aside, and that “the complainant should recover of the defendant Depew such damages as he had sus’ained in the premises,?’ and as they were uncertain, directed that an issue of “quantum damnificatus should be made.’ And, at a subsequent term, a jury was sworn “.-ell and truly to etiquireof damages herein” — who returned a verdict of two hundred and six dollars arid forty cents It does not thus far appear in the record of what these damages were composed, whether of the value of the latid alone and its interest, or of that and other injuries. The defendant moved to set aside this verdict and grant a new trial, which seems to have baen opposed by the complainant, and was overruled by the court, and the court then proceeded to a final decree, in which the court declares that “the jury found the value of. the land in the bill mentioned,” and approves the verdict, and decrees the amount to he paid to the complainant, upon the complainant’s giving bond and security, approved by the clerk of the court, in the penalty of four hundred dollars, conditioned to indemnify and save himself, the defendant Depew, from all losses or damages that might accrue to him on account of the lost bond, and finally decided the complainant to deliver back the possession of the land to Depew, before be should have execution for the amount found by the jury. To reverse this decree, Griffith, the complainant, has prosecuted this writ of error.
Many of the errors assigned question the correctness of these proceedings — such as the irregularity of going to trial till the exceptions to the answer were disposed of; the re-cision of the contract instead of its specific execution; the direction of the issue of quantum damnificatus, and *179 then proceeding to the enquiry without such issue — the vague and indefinite terms of the decree for compensation in not fixing the measure of damages, and in not directing the enquiry of the jury to a particular point — and also in not setting aside the finding of the jury. These complaints come with a bad grace front the complainant. He ceased to insist on his exceptions to the answer, and moved an order to take the bill as confessed, which was granted; — of this order of course he cannot complain. If the court he ■ low erred in rescinding the contract, it was what his amended bill earnestly desired, if no title was disclosed, andde-dared the specific execution impossible. The direction of the issue, and theu not formally making it up — the indefinite terms of the decree — and vagueness in not drawing the attention of the jury to a point, and in not setting aside the finding of the jury, however erroneous they may be, cannot be reversed on the prayer of the complainant — for when his adversary moved to set aside the verdict, he re-sistedit ; and having once shewn his satisfaction with the expressions of the decree and finding of the jury, if he has induced the court below to err by adhering to it, he ought not to be allowed, in this court, to impeach the decision, and this court sees no reason for disturbing, in favor of live complainant, the proceedings of the court below till after the finding of the jury.
J* * wai' t>an answer if com-ta"es the ¡¿⅜⅜,^ ^0,1^ those points not respond-td t0,
⅝ ar( b himself induced the e>¡*'’ permitted, to revise the de-cvee on t!lat a"
,A vem,ee> tract is dissolved, has a ⅛⅞ for^his purchase money and inte-*,he norshouidhé be compelled untflthéy are paid or seen-red. to be
The remaining errors question the details of the final decree, and require a more serious consideration. The decree for the recovery of the assessment of damages, we approve; but it was subjected to the condition of previously surrendering the possession, and previous bond of indemnity against the lost bond. For improvements made by a vendee under the faith of a contract of purchase, while it is in his possession, and for his purchase money paid for the esta'e, he has alien upon the subject improved, and ought not to be compelled previously to part with it, as is done in this instance, without any payment at all: For the court in the final decree declares, and we roust take this declaration as true, as it is contradicted by no other part of the record, that the finding of the jury is the value of the land. The bond of indemnity appears reasonable apd proper to secure the defendant from future danger; hut the execution of this bond before the clerk instead of in court, and leaving the clerk to be judge whether the conditions of the decree were complied with, and the execution to enie^ *180 rate upon the contingency of lite complainant’s doing acts in pais, without any previous decision of the court that these acts were properly doae, this court cannot approve. The bond of indemnity ought, ou reasonable notice given, to have been executed in court, or presented to it previously executed, and execution for the value of the land to hsve been granted by the act of tbe court. For this court deems it a general rule, which ought not to be lightly departed from, that whenever the chancellor shall see cause to subject the complainant to any conditions, before he can have execution of his decree, the performance of them ought to appear of record, and tbe court to approve thereof, before the execution i§ allowed to issue. Further, as the court admits in their final decree that nothing but the value of the land is ascertained by the jury, and it is evident that the defendant has possession, and claims for his improvements, the court ought to have directed an aceount of ameliorations, rents, profits, and waste, to be taken before the proceedings were closed or the possession changed. This leads this court to determine, as that court ought to have done, by what criterion this assessment ought to be made. In prescribing rules for this account, the court has been able to derive but little aid from precedent. Where occupants have been evicted by strangers, in this country, the acts of assembly in some cases, and the rules of equity in others, apply to their case and fix tbe proper criterion; but as between venders and vendees a different rule ought to be adopted. In the case of the rescisión of a contract, it is well settled, that the court ought to place tbe parties back in statu quo as near as can be equitably done That tbe vendor ougbt to refund tbe money with interest, and the vendee ought to restore tbe subject purchased, with rents, and payment for waste, receiving a credit for the valuable and lasting improvements he may have made. In the case of eviction by a straDger, the occupant generally recovers all his improvements, as well those which he purchased on tbe estate at tbe time of his acquiring it, as those which be afterwards made; and after notice binds him, he generally is bound to account for rents on all tbe improvements:— But vejpdees ought never to be permitted to receive pay for improvements existing on the estate when they acquired it; nor does it seem equitable that they should be charged with rents ovr those which are the product of their own labor aid capital. It is on these points which arise, in detail, in *181 applying the general principles applicable lo vendors and vendees, as well as on the time when rents ought to commence, that authorities afford but little aid, while they in general terms maintain the genera! principles. To give the vendee payment for improvements which .were sold him by his vendor, and for which he is remunerated by the restoration of his purchase money, would pay him twice for the same subject. To allow him pay for the lasting and valuable improvements which he himself has#made as they were when they were new, and to charge him with rents thereon, might have a large balance in his favor when the improvements were too much deteriorated to amount in value at the date of the assessment to that balance, cr the rents might be sufficient or more than sufficient to discharge the whole price of the improvements, when new, and although those improvements were, at the date of the assignment, of considerable value, indeed nearly, or entirely as much as when they were new, yet the vendee would receive nothing for them when delivered over. Their value would be discharged by charging him with rents on his own labor and capital, and the vendor, through whose de--fault the estate might be lost to the vendee, would be enriched to the value of the improvements, considered in the state they were at the time tIvey were delivered over. Front these considerations, as well as others which might be adduced, it seems entirely equitable, as a general rule, applicable between vendors and vendees, to charge the vendee pnly with the rents on the estate as it was when delivered to him. If its profits, as it then was, were considerable, for these and these only ought he to account. If the subject sold was in such situation as to allow of no resulting issues at the time of sale, until the labor and money of the vendee made it so, he ought to - be made to account for no rents which accrue from liis own exertions, and the expenditure of his own capital. This rule, the court conceives, is applicable to the present case, and ought to have been extended thereto by the court below. The improvements made by the complainant, and they only, ought to be valued at their intrinsic value when the assessment is made, considered in their present deteriorated state. The time when the rents attach, furnishes another question. It may be equitable between vendors and vendees, when the. ven-dee trifles with the contract and fails in (be performance .-{hereof, so that through his acts the contract is vacated, to *182 charge him with rents from the time he took possession, ^ut rtíien ’he default is in the vendor, who cannot make title, and through his fraud, negligence or mal feasance the contract must be rescinded of necessity, and the vendee, in confident security of performance of the part of the vendor, has enjoyed the subject, it does not seem to be equitable, by the wrongs of the vendor, to make him bailiff or receiveer of such vendor. In the present case the com-plainain cannot have title because his vendor has none, and ibe filing of the amended bill appears to be the first time that he was apprised of bis situation: From this time, therefore, and not before, is he to be charged with the profits resulting from the estaté sold, if any could result, as it stood when sold; and he, in like manner, ought to be charged with injury to the estate arising from waste and reduction of soil during the time he held it. Such an account, before the proceedings are closed, ought to be directed between the parlies, made by commissioners appointed by order of the court, authorised to make the proper assessments, and the decree ought then to be rendered in whosecver favor the balance may appear; and if a balance for improvements or purchase money should appear in favor of the complainant, be ought to he directed to restore the estate so soon as the balance was paid or secured to him by replevin or otherwise; and if no balance should appear in his favor, then lie ought forthwith to be compelled to restore the possession, reserving to the court the authority by subsequent orders or decrees to subject the estate to sale in satisfaction of the decree, if the balance so found in favor of the complainant shall not be paid and secured.
A cfcancel lor choosing to subject a CPITipl’l o terms before he stial:- avail himself of the decree, she’d see those terms are complied wi'h on the record, and net depute - not r er to pe r-form that duty-
On rescind inga c<-n<ract as between ▼end-.-r and vendee, the ven-ieeis entitled to his money with interest & a-meliorations, but is liable to rents, &c fcu< interest should run only from the date of the prayer to dissolve the contract, & rents only from the Same period.
A vendee ¡snot entitled (on dissolving a con-trae.) to receive pry for itnprovem’ts on tiie land when he bought.
15 Dec. 1820
■ The decree of the court below, in the foregoing particulars, is therefore erroneous, and must be reversed so far and so far only, as it disagrees with the foregoing opinion, and affirmed as to the residue, with a mandate to the court below to decree accordingly.
On rendering this decree, Gen. Hardin procured a rehearing, and the cause was argued. On the 15th Decern-her Judge Mills delivered the following additional opinion:
On a reconsideration of this case, we have been led to consider a question of some importance in the practice of th¡3 court; and that is, if the decree is reversed and the cause sent back for new proceedings, ought we not to look back to the first error, and place the whole decree right, al *183 though that first error may have been committed in favor of the present plaintiff in error and against the defendant? It is a well settled rule, that if ail the errors complained of are not injurious to the plaintiff, but to the defendant, the decree will, and ought, to be affirmed in toto, and the defendant in error may then prosecute his writ. But if the decree is once reversed.it may prevent and bar the de fendant in error from prosecuting his writ to reverse it. If this be correct, it is evident, that in case the decree is reversed at the instance of the now plaintiff, every error ought to be rectified, both for and against him. In the present case we, in the former opinion, approved, and we still approve the decision of the court below, in rescinding the contract; but we conceive that the order or decree of that court, directing that a jury be empannelled to enquire of damages, and the proceedings and charge delivered to them is too vague and indefinite. It dotes not appear that the jury were restrained to any kind of damages, or indeed in^ to what kind of damages they were to enquire, when it was the duty of the court first to determine the criterion of damages, and to have given that criterion in charge to fheju-ry, when sworn. It does not appear what kind of evidence was used on the enquiry, whether the depositions which were filed, or that of witnesses ore terms, when it would have been proper to have pointed out the nature of the ev idence m the decree which directed the enquiry, if the testimony filed in the cause, and that Only was used, the verdict appears higher than the value of the land proved, and we are unable, except from the expressions of the court, in the final decree, to know what damages composed the verdict. Although the present plaintiff in error resisted a netv trial, yet as the order or decree directing that enquiry is deemed erroneous, we now differ from so much of the for-trier opinion, rendered herein, as affiims these proceedings. and we now reverse the decree commencing with the order which directed a jury to be empannelled and svvorn, and «¡1 proceedings subsequent thereto, in directing such decree as-: bat court ought to have given, we conceive, as no actual fraud is proved, (hat the purchase money ought to be the proper criterion. If that cannot be ascertained, then- the Va'ue at the date Of the contract, to be ascertained by the proofs in the cause, or by the enquiry of a jury. On tías purchase money interest ought to be given, commencing at the same period when rents are directed to commence by *184 this decree. So far as the present decision of this court differs from the former, the latter is reversed and set aside; and in all other respects the former decree of this court must Stand Unaltered and affirmed.
¡n°° decree" everv error* existing, as ^¡ch^make ai?ainst the pltf in error shoal'<l be taken into v?ew-
Oa trying »n «sue of auentioú ¿F 'he jury ®hould be . a]¡v ⅝0 ¡]le kind of d m. a^!,j a^d the "decree shnutd express^whe-d^e su^1' mined to the j»fy waB. Par<>1 orwrlten-
Hardin for appellant, Bibb for appellee.