Chief Justice Robertson
delivered the Opinion of the Court.
Talbot’s affirmation, that be did not “recollect” that be had authorized any person to sign his name to the covenant for a title, is not tantamount to a direct and unqualified denial of authority, or even to a declaration that he did not believe that he had given such authority. He does not deny the allegation that he authorized Bryan to sell the lot; and it seems that he knew of the sale, and acquiesced in it. Wherefore positive proof of authority to subscribe his name, was not indispensable.
The bond itself and other circumstances are at least prima fade evidence of the actual payment of the consideration.
.But under all the circumstances, and more especially as the use of the lot should, in the absence of proof to the contrary, be deemed, in equity, equivalent to that of the price, interest should not have been decreed on the rescission of the contract. And we are of the opinion, also, that restitution of the possession of the lot ought to have been directed on the payment of the consideration — (two hundred and twenty dollars.) For these errors — and we perceive no others — the decree of the circuit court must be reversed, and the cause remanded for a new decree consistent herewith : — that is, (as to the consideration,) for two hundred and twenty dollars, without interest.