Judge Marshall
delivered the Opinion of the Court.
Harper—holding, by assignment from Walker Satterwhite, the bond of Isham Talbot and Thomas Bryant for the conveyance of a small parcel of land, the original consideration of which was two hundred and twenty dollars—assigned the bond, in a few months after its date, to John Sebree, for five hundred dollars in cash notes. Of this sum, four hundred dollars was collected by Harper, on the notes assigned to him, and having failed to collect the remaining hundred dollars, he obr tained-a judgment against Sebree, as assignor, for that sum. To enjoin this judgment, Sebree filed his bill against all the above named persons, alleging some difficulties in the title, and praying that the lot might be conveyed, or that the contract between himself and Harper might be rescinded, and that Harper might be decreed to refund what he had received for the property, and per-» petually enjoined from proceeding on the judgment for the hundred dollars. Sebree having died in the progress of the suit, the Court decreed Talbot and Bryant to pay to his administrators, the sum of two hundred and twenty dollars, with interest from the date of the bond, and dismissed the bill as against Harper, and dissolved the injunction with damages. Upon a writ of Error ¡?rosccuted by Talbot and Bryant, this decree was so modified as to direct the payment of the principal sum only, ($220;) the possession of the lot which was held under the bond, being considered an equivalent for the interest, (Talbot, &c. vs. Sebree's Heirs, 1 Dana, 56.) And Sebree’s representatives now prosecute a cross writ of error, to reverse so much of the decree as decides the case between thein and Harper,
Oopinion of onejudge, that the nf land, bond '^ment **of title bond held ^ ^ecoui^XaS cruing to the asyfnee’ assignor, should be for the consideration that passed be^ve®n ,them-~ otherwise: viz. that“~
Upon the assigáforXrX-^whera there was no prientation^as t0. thP ‘j*1?) ing the assignyent; no default by the assignor in complying ^{Jthe^bíío^ i—the liability5of |jl® assignee *2 (not the=considthXassi^iXX but,) the original th^bond^and for that he is liable Only when the assignee has Used due diligence, and lias failed to obtain the title, and failed also, to recover the consideration from the obligor.
If the question as to the extent and terms of the liability of the assignor of a bond for land, were now an open one, to be for the first time settled, one of the present members of the Court would be strongly inclined to the opinion, that wherever it appeared that the substance of the transaction between the assignee and assignor, was a purchase of the land, and not a mere puf■chas.e of the bond, for the pui’pose of speculating in the title-, the assignor should be held responsible, in equity, for the entire consideration received for the land, in the event that the assignee, without fault on his part, should be unable to coerce the title from the obligor in the bond; that if the assignor is in possession of the land, and delivers it, as well as the bond and assignment, these facts, ,, • rr ■ . • r • or others equivalent to them, are sufficient, pnma jmie, to give character to the contractas a sale and'purchase ox land, and to place the assignors responsibility on the footing above indicated, without any other written evidence of the contract but an ordinary assignment; and that, under such circumstances, the assignee, upon failure of the title, has aright to be repaid the whole consideration, subject only to a deduction for any loss which may have been the consequence of his failure to prosecute the obligor with due diligence.
But in the cases of Bedal vs. Stith, 3 Mon. 290, and Tribble, &c. vs. Davis, 3 J. J. Mar. 636-7, the contract has been placed on different grounds; and it is to be considered as the settled rule, applicable to cases of this kind, that, unless there be fraud in the representations of the assignor in regard to the title, or fraud or mistake in reducing the contract between him and the assignee to . . , , . a . , writing, or unless the assignor tails m his contract with the obligor, the responsibility of the assignor is limited in amount to the original consideration of the bond, and even to that extent, is dependent upon the double contingency,of the inability of the assignee, by use of,, the proper means, with due diligence, to coerce either the title ■or the original consideration money from the obligor, In this case there is no allegation of fraud or mistake, *66 and the failure to obtain the title does not appear to have been the consequence of any failure on the part of Harper, or of Satterwhite, by whose assignment he claimed the bond. And as the complainants, the assignees of Harper, have a decree against Talbot and Bryant, the obligors in the bond, for the whole amount of their liability on account of its breach, and there is no pretence that they are insolvent, it is apparent, that the contingency upon which, under the principle stated, the liability of Harper depended, has not happened. And it is further apparent, that, from the failure to pursue the remedy against Talbot and Bryant in a reasonable time, Harper never can be made liable for their insolvency, should they prove to be insolvent.
Where the assignee of a title bond fails to obtain the title, and recovers the consideration of the obligor, the assignee has no remedy for the difference between the sum so recovered, fy the larger sum he paid for the assignment, i. e. for the land— tho’ that difference remaining unpaid, the chancellor might refuse his aid to énfdrce it.
Vendor of land who gives the possession, with a bond for a title. Which he fails to make, is liable for the consideration without interest—use and interest being equivalents. But the purchase er is liable to his assignee of the bond, for interest during the time he held t-ie land, before his assignee received the posses* sion.
*66 Since, therefore, Harper is not now, and never can be, responsible to Sebree’s representatives, upon the assignment of the bond, there is no ground upon which he can either be decreed to repay to them any portion of the purchase money already received, or to refrain from the collection of that which has not been received. Upon the principle settled in the cases above referred to, the assignment of the bond was the consideration for which Sebree paid or was bound to pay; and as that consideration has not failed, but has in fact been enforced in one of its aspects, his obligation, or that of his representatives, to complete the payment, still continues. It must be admitted, that the principle operates an apparent hardship in this case, and perhaps if Harper were seeking the aid of the Chancellor to coerce the hundred dollars still due for the assignment, the aid of the Court might properly he refused. But in the present attitude of the parties, we do not perceive that, under1 the principle adopted, Sebree’s administrators have a right to any decree against Harper, except so far as, by Harper’s possession of the lot before his assignment of the bond, their recovery from Talbot and Bryant was restricted in amount.
It appears from the statement airead}' made, that no interest was recovei’ed against Talbot and Bryant, on account of the possession having been held under the bond. As the bond was assigned to Harper on the day of its *67 date, the possession from that time to the date of the assignment from Harper to Sebree, must be presumed to have been held by or under Harper, and he has in effect received the benefit of the interest accruing during that period; and the recovery of Sebree’s administrators has been, i.> consequence, diminished to that extent. It seems to the Court, therefore, that, to that .extent the complainants are entitled to relief against Harper, by a perpetuation of the injunction, for so much as is equal to the interest on two hundred and twenty dollars from the date of the bond to the date of the assignment to Sebree.
It was, therefore, erroneous to dismiss their bill against Harper. For which error, the decree is reversed, and the cause remanded with instructions to render a decree in conformity with this opinion,