### EX PARTE JAMES A. FOSTER.

The Enrolling Officer of Travis County, on the 22d day of September, 1862, administered to the applicant the oath usually administered to conscripts, on swearing them into the C. S. army ; and placed the name and descriptive list of applicant on his book of enrollment, which was done without the consent of applicant, he being, at that time, a journeyman printer, actually employed in printing a newspaper. A short time thereafter, the said enrolling officer gave applicant a furlough as such journeyman printer, on the application of D. Richardson, the proprietor of the State Gazette, a newspaper published at Austin. Applicant continued to work in the Gazette office, until the 19th of September, 1864, when he quit that employment voluntarily, having accepted the appointment of Deputy Clerk of the District Court of Travis County. His appointment thereto dated September 17th, 1864. On the 22d day of September, 1864, the Enrolling Officer of Travis County assumed control over the applicant, as a conscript, regularly enrolled on the 22d September, 1862, as above stated, and held him in custody as such. Writ issued 22d September, 1864. *Held*, that at the time of the alleged enrollment, applicant was, unless he waived his pri-

---

*The orders referred to in this opinion, are the following : Gen. Order, No. 26, section 7, from the Adjutant and Inspector General's Office, Richmond, March 11th, 1864 ; Special Order, No. 67, Head Quarters Trans-Mississippi Department, Shreveport, March 19th, 1864 ; Circular to Conscript Officers, dated December 22d, 1863, from Head Quarters, Bureau of Conscription, D. T. M.; General Orders, No. 82, Adjutant and Inspector General's Office, Richmond, November 3d, 1862 ; Instructions of the Bureau of Conscription, at Richmond, of date June 23d, 1863. Justice Reeves, in delivering the opinion of the Court, remarks : " We have felt some difficulty in disposing of the case, on this ground, as there may be other regulations to which we have not had access ; and deem it proper to say, that the question is decided on the orders and regulations used on the trial before the District Judge, and found in the record." [Reporter.]

vilege, legally exempt from military service, as a journeyman printer actually employed in printing a newspaper; and as long as he remained so exempted, the enrolling officer had no authority to enroll him, without his consent.

The acceptance by applicant, under these circumstances, of a furlough, cannot be held a waiver of his right to an exemption.

Although deputy clerks may not be embraced in, or exempted by, the terms of the law of Congress, and of the Governor's proclamation declaring all the officers of the State necessary for the administration of its laws; and although they may be liable to service, under the law; yet the President may have declined to call them out, or have exempted them, if he saw fit to do so. If he has declined to call them out, or has exempted them, they cannot legally or properly be enrolled.

On the 30th day of August, 1864, orders were issued from the Head Quarters of the Conscript Service, District of Texas, directing enrolling officers not to enroll deputy clerks, who had not been, at any time previous to their appointment, enrolled. *Held*, that the applicant was embraced in these orders; and the enrolling officer, acting under the same, had no authority to go behind them and enroll the applicant, upon the ground of his liability under the law.

*\*Quere?* Is the position of Deputy District Clerk an office, under the Constitution and laws of the State?

Appeal from the Judgment of the Hon. A. D. McGINNIS, sitting in Chambers, at Austin.

*N. G. Shelley* and *M. H. Bowers*, for appellant.
*Robards & Morris*, for appellee.

MOORE, J., delivered the opinion of the Court.

Judgment reversed, and applicant discharged.