WILEY P. TAYLOR'S GDN. *v.* SAMUEL JOHNSON.

[Abstract Kentucky Law Reporter, Vol. 3—615.]

### Rights of Occupying Claimant Under Verbal Purchase of Real Estate.

Where one purchases land by oral contract, enters upon possession and afterward pays for the land, and the vendor dies without executing a deed, and his heir, through its guardian, brings suit in ejectment, the purchaser is entitled to have his lien declared on the real estate for the amount of improvements made by him on the land and the amount of the purchase-money paid by him for the land.

APPEAL FROM TODD CIRCUIT COURT.

February 4, 1882.

OPINION BY JUDGE HARGIS:

The appellee and W. S. Taylor, deceased, made a verbal contract by which the latter agreed to sell and convey an unimproved lot of half an acre of land in Guthrie City, to the former, in consideration of $125. The appellee took possession of it and at the time of W. S. Taylor's death had occupied it several years and erected valuable and lasting improvements on it. The guardian of Taylor's only child brought this suit in ejectment to recover possession of the lot, and for damages for its detention.

The appellee pleaded the verbal contract, stated his occupancy and improvements and alleged that he had paid the deceased for the lot. He also sought a judgment against the guardian, who was also administrator of Taylor, for the amount of his account, made up of the value of work and labor and for money had and received, after deducting therefrom the price of the lot. Upon hearing the court allowed appellee $75 as the value of his improvements and a lien on the lot therefor, and refused him a lien for the purchase-money, which he claims to have paid. Both parties appeal from the judgment.

The evidence would justify a slight increase in our judgment of the amount allowed for improvements, but as the evidence is conflicting and the allowance substantially right we will not disturb this part of the judgment. The appellant was not entitled to rent of the lot for any time before the institution of this suit. See *Stephens v. Reavis,* p. 391, this volume, and cases there cited. The evidence conclusively shows that the appellee had paid his vendor, Taylor, for the lot. John M. Swine testified that he heard Mr. Taylor say that Sam had paid for his lot, and he intended to give him a deed. Blair testifies that he heard Taylor make statements which were in effect an agreement to make to the appellee a deed. The concurrent testimony of several witnesses prove that the appellee cleared three acres of land at $20 per acre, worked on a barn, husked corn, made rails, broke cattle, and permitted two of his daughters to work for Taylor several months. It also appears in evidence that Sam raised a crop of tobacco worth $158, and that Taylor received the cash on the check which Wilcox gave for the tobacco.

It is true that the appellee got provisions from Taylor, but to what extent or value does not appear; and there are some ad-

missions which the guardian testifies that the appellee made to him, but the appellee denies them, and had he made them they amount only to a contradiction of his claim of having paid $10 in money on the lot at a certain time.

There is no satisfactory evidence that the appellee's claim, which he proved, was ever paid or discharged by Taylor. The account book of the latter produced by the guardian with a statement in it as follows:

"Settled up to date with Sam Johnson, but due W. S. Taylor fifteen dollars, March 16, 1873."

"W. S. Taylor paid March 18, 1874," so far from proving that the appellee had not paid for the lot tends strongly to establish the fact that W. S. Taylor was paid March 18th, 1874, for all that the appellee owed him, and the conclusion is strengthened by the statements made by Taylor afterwards that Sam had paid him for the lot and his expressed willingness to make to him a deed for it.

Appellee should have given a lien on the lot for the purchase-price thereof, and for his improvements also. Wherefore the judgment is *affirmed* on the original and *reversed* on the cross-appeal, and cause remanded with directions to render judgment in conformity to this opinion.

*Ben T. Perkins, Jr., for appellant.*

*H. G. Petrie, for appellee.*

[Cited, *Robards v. Robards,* 27 Ky. L. 494, 85 S. W. 718.]