## Graf, Executrix v. Graf.

(Decided October 25, 1912.)

### Appeal from Graves Circuit Court.

1. Promissory Note—Plea of No Consideration.—A promissory note given by A, in his life time, to his brother, without consideration, cannot be enforced against A's estate after his death where a plea of no consideration is interposed by his personal representative.

2. Promissory Note—Valid Gift.—A donor's own note cannot be the subject of a valid gift inter vivos; it is not, like the note of a third person, the subject of gift; it is a mere promise, and can no more be recovered upon as a gift, than the unwritten promise of the doner.

STANFIELD & STANFIELD for appellant.

W. J. WEBB for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

August Graf, a citizen of Ohio, temporarily residing in Mayfield, died on April 25, 1911. He left an estate of about $4,000.00, which he devised to his wife by a will executed in 1908. During the last four or five years of his life, August Graf conducted a tailoring establishment in Mayfield. During most of that period

he was afflicted with pulmonary consumption, but was not bedridden. He went to his shop almost daily, and made several visits west for his health. His wife resided most of the time, if not entirely, in Ohio. About half an hour before August Graf's death, he said he wanted to give his brother Albert a thousand dollars. He asked a lawyer who was present to give him a blank form of a note, and there being no form of a note present, and the lawyer offering to write one for him, August Graf directed the attorney to write the following note which he signed:

"April 25, 1911.

"On demand I promise to pay to Albert Graf One Thousand ($1,000.00) Dollars, for kindness and services rendered during sickness.

"AUGUST GRAF."

August then delivered the note to Albert and died in about half an hour thereafter. August Graf's widow qualified as executrix of her husband's estate, and this action was brought by Albert Graf to recover upon the note; and the lower court having given him judgment thereon, the executrix prosecutes this appeal.

As a defense the executrix pleads there was no consideration to support the note, and that it was intended as a gift, which proved ineffectual. At one time August Graf had boarded with his brother Albert, but had regularly paid board during the entire time; and there is no contention on the part of Albert that his brother owed him anything for board. For quite a while, however, immediately prior to, and at the time of his death, August Graf lived with a neighbor, Edward Orr. Graf's last illness was short, and he was confined to his bed for a period of not more than a week. During this last sickness he received the usual attentions from his brother and his friends, who called upon him regularly, and did such neighborly acts as are usual in such cases. Shortly after August's death, Albert repeatedly said that his brother did not owe him anything, and that August had been very kind in giving him the thousand dollars. After August's death, Mrs. Albert Graf presented a bill for $16.00 against his estate, and Albert Graf presented a bill for $65.59. Appellant paid these bills on May 11, 1911, by checks, which contained in their face the statement, "Paid in full to date."

The evidence wholly fails to show that August Graf
was indebted to Albert Graf in any sum whatever; and,
although the note recites upon its face that it was given
for "kindness and services rendered during sickness,"
it is clear from the evidence, particularly from what
August Graf said when he gave the note, and from
what Albert subsequently said, that the thousand dol-
lars was intended as a gift, pure and simple. The note
being without consideration, it can take effect only as
a gift *inter vivos;* and it is insisted that a promissory
note of the donor is ineffectual to perfect a gift *inter
vivos.* If, therefore, the note be without consideration,
and it be true that a promissory note of the donor is
ineffectual to perfect a gift, Albert Graf had no en-
forcible claim against his brother's estate.

The question is not an open one in this jurisdiction,
since it was passed upon in Callender's Admr. v. Cal-
lender, 24 Ky. Law Rep., 1145, 70 S. W., 844. In that
case Joseph Callender gave a note to his son Louis Cal-
lender, for $6,000.00 payable one day after date. In
that case, as in this, there was no consideration for the
note, which was intended as a mere gift from the father
to the son. In holding that there was no enforcible
claim against the father's estate, we said:

"There was no talk of any consideration for the
note, and it was plainly intended, if credence is to be
given to the testimony of these witnesses, as a gift to
take effect at the death of the old man. And the law is
well settled that promissory notes given by the father
to his children cannot be enforced against the estate
after his death, where a plea of no consideration is
interposed."

In support of the conclusion there reached, the court
referred to the note in Richardson v. Richardson, 26 L.
R. A., 305, in which the authorities on this subject are
very fully collated.

The cases there collated are to the effect that a
donor's own note cannot be the subject of a valid gift
*inter vivos.* His note is not, like the note of a third per-
son, the subject of gift; it is a mere promise, and can no
more be recovered upon as a gift, than the unwritten
promise of the donor. Vorhees v. Combs, 33 N. J. L.,
494. Many attempts have been made to uphold such
notes upon the ground of consideration, and it has gen-
erally been held that if an obligation actually existed

it would be sufficient to uphold a note although it was not an enforcible obligation, but that if there was in fact no obligation, the note would fall as a naked promise.

Thus, an outlawed claim may be a good consideration; Giddins v. Giddins, 51 Vt., 227; 31 Am. Rep., 682; but natural love and affection is not a sufficient consideration. Holly v. Adams, 16 Vt., 206; 42 Am. Dec., 508; Williams v. Forbes, 114 Ills., 171.

In Phelps v. Phelps, 28 Barb., 121, it was held that a promissory note given by a father to his children during his life time could not be enforced against his estate after his death.

The doctrine that a gift of the donor's own note is invalid was recognized in Gammon Theological Seminary v. Robbins, 128 Ind., 85; 12 L. R. A., 506; Egerton v. Egerton, 17 N. J. Eq., 419; Gana v. Fiske, 43 Ohio St., 62; 54 Am. Rep., 819; and Pennifield v. Thayer, 2 E. D. Smith, 309.

In 1 Parsons on Contracts (7th Ed.), 235, it is said: "It is essential to a gift that it goes into effect at once and completely. If it regards the future it is but a promise, and being a promise without consideration, it cannot be enforced, and has no legal validity."

Such is the case here.

Judgment reversed for further proceedings.