## Grainger v. Jenkins, et al.

(Decided December 4, 1913).

### Appeal from Simpson Circuit Court.

Land—Parol Sale of—Refusal of Vendor to Convey—Lien.—When land is sold by parol, the vendee in possession upon the refusal of the vendor to convey, should be adjudged a lien on the land for his purchase money with interest from the refusal of the vendor to convey, and the enhancement of the land by reason of his improvements subject to a credit for the rents after the vendor refused to convey.

WHITESIDES & EVANS for appellant.

ROARK & FINN for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Reversing.

Sam Grainger in 1906 bought by a parol contract from his son-in-law, George Jenkins, a small tract of land lying in Simpson County containing about six acres, for which he agreed to pay Jenkins $150.00, and Jenkins agreed to make him a deed when the money was paid. Grainger took possession of the land, made improvements on it; paid Jenkins $120.50 on the purchase money and sold a portion of the land for a church lot for $33, this $33 being paid by the church people to Jenkins, and he having made them a deed. Grainger then demanded his deed; Jenkins refused to make it. Grainger thereupon brought this suit to recover the money he had paid, and the value of his improvements on the land. On a trial of the case, the circuit court entered a judgment in favor of Grainger for $62.50, and adjudged him a lien on the land for this sum and his cost. Grainger appeals.

The first question to be determined in the case is upon what basis should the account be settled. The circuit court seems to have arrived at his result by charging Grainger with the rent of the land from the time that he took possession. In Fox's Heirs v. Longly, 1 A. K. M., 388, which was a case like this of a parol purchase which the vendor refused to carry out, the court said:

"As, however, the compfainant most clearly obtained the possession in good faith, under a fair contract of purchase, he ought not to be accountable for rents until there was a denial of his right or an assertion of title on the part of the vendor, or his representatives. For so long as he was permitted to hold the possession without any denial of his right to do so on their part, their consent that he should enjoy the profits, must be presumed."

Again in Kay v. Curd, 6 B. Mon., 104, where the question again arose, the court said:

"As Kay obtained possession of the land under a purchase by parol from Curd, according to the rule in Fox's Heirs v. Longley, 1 Marshall, 388, and which we are inclined to regard as just and equitable, he ought not to be charged with rent until his right was denied by Curd or an assertion of title by him."

In Reed v. Lander, 3 Bush, 5, a similar case, the court said:

"As Lander entered on the premises under a just and equitable parol arrangement, by which it was contemplated that, with the charitable assistance of others, improvements would be made for his use for life, which, with the ground, would, at his death, revert to Reed, he ought not to be made accountable for rents until Reed disaffirmed the contract and demanded a restitution of the lot. (Fox's Heirs v. Longly, 1 Mar., 388; Kay v. Curd, 6 B. M., 100); and from the time Lander is made to account for rents, he is entitled to interest on the amount of his improvements."

In Padget v. Decker, 145 Ky., 227, the rule was again followed. We said:

"The parol contract being void cannot be enforced, but Padget cannot keep the money which he received and Decker is entitled to a lien on the land, both for the money which he paid and the enhancement of the value of the property by reason of the improvements which he erected on it while in possession as vendee under the expectation that Padget would carry out the contract. He should not be charged with rent on his improvements,

but should be charged with rent since the year 1910 on the property considered without reference to his improvements. He should also be allowed interest on his purchase money from that time. No charge should be made for rent and no interest should be allowed on the purchase money previous to the year 1911."

(To same effect see Grimes v. Shrieve, 6 Mon., 557; Ewing v. Handley, 4 Litt, 372; Bourne v. Odam, 17 R., 696; McBrayer v. Thomas, 64 S. W., 906; Robards v. Robards, 27 R.. 494.)

It is true that the court in settling the account on equitable principles between the parties where a parol contract to sell land has not been carried out, has sometimes approved settlements not made on the basis we have indicated. (Blackburn v. Blackburn, 11 Ky. L. R., 161; Burch v. Burch, 20 Ky. L. R., 1614; Lucas v. Meguiar, 29 Ky. L. R., 1068; May, et al. v. May, 33 Ky. L. R., 638.) But the facts of those cases were such as to show that the settlement made on the basis followed, did not do substantial injustice to either of the parties. The court simply adopted a settlement that did justice under the facts there presented. The opinions were not intended to lay down a new rule or to overrule the older cases.

The statute simply provides that no action shall be brought to enforce the contract; but although the contract is not enforcible in law, the court should not allow the statute to operate so that the man who refuses to carry out his contract, shall enrich himself at the expense of the other party. We have often held that where the purchase money on land has been paid and the contract is subsequently rescinded, the interest on the purchase money should be regarded as a fair equivalent for the use of the land, as this is in substance what the parties agreed to in the contract. (Glass v. Brown, 6 Mon., 358; Baxter v. Brand, 6 Dana, 298; Talbott v. Sebree, 1 Dana, 56; Griffith v. Depew, 3 Mar., 180; Combs v. Tarlton, 2 Dana, 466.) Though the law will not enforce the parol contract, the parties may themselves lawfully carry it out; and when the vendor refuses to do this, he should not be permitted to charge the vendee with rent of the land, when the vendee used the land as his own without any expectation by either of the parties that he was to pay rent upon it.

Under all the evidence we fix the enhancement of the value of the land by reason of the improvements at

$90.00. The action was brought on January 10, 1912. No rent will be charged Grainger up to that time, and no interest will be allowed on the purchase money up to that time. He will be charged with the rent of the land in the condition it was when he got it, and we fix this at $24 a year. He will be allowed interest on his purchase money, $120.50, from the same date; he will also be allowed $90 for his improvements as of the date of the judgment, and from this will be deducted the rent of the land at $24 a year for the time he has held it since January 10, 1912.

Judgment reversed and cause remanded for a judgment and further proceedings as above indicated.