## Zanone v. Tashgian.

(Decided October 8, 1929.)

W. S. HEIDENBERG for appellant.

DAVID R. CASTLEMAN for appellee.

Opinion of the Court by Judge Willis—Reversing.

James M. Zanone sued Herbert Tashgian to recover the sum of $4,500, with interest thereon at the rate of 6 per cent. per annum from the dates various payments were made to him as a part of the consideration for real property, and for the further sum of $1,000, with interest, which, it was alleged, defendant had agreed to give plaintiff. The defendant denied the allegations of the petition, and in a second paragraph pleaded, that the payments were made monthly under a rental contract, except an item of $2,000, which had been deposited with defendant, but repaid upon demand of plaintiff.

The basis of the cause of action was a verbal contract respecting real estate, and the defense was that it was only a contract of renting. The court found that the plaintiff was entitled to recover the payments made, subject to a reasonable rental for the property, which was not over $60 a month, since defendant claimed that as the agreed amount. In balancing the accounts, the court found that defendant owed plaintiff $34, and directed a verdict accordingly. On this appeal it is urged on behalf of Zanone that the court erred (1) in refusing a recovery of the $1,000, or any part thereof; and (2) in peremptorily instructing the jury to find for appellant only $34, thus refusing to require the defendant to account for all the payments, without deduction for rental, until there had been a denial by defendant of plaintiff's right, or a renunciation of the contract.

1. It was alleged in the petition that defendant agreed to make a gift to plaintiff of the remaining indebtedness of $1,000, and would not charge interest. The court upon motion struck the allegation from the petition. The contract was one concerning land, and for that reason could not be enforced, apart from any consideration as to the executory nature of the agreement to give. Graf v. Graf, 150 Ky. 226, 150 S. W. 58, Ann. Cas. 1914C, 1138. The rights of plaintiff are not affected by the ruling of the court respecting this item, as will appear later in the opinion. In so far as it plays any part in the case, it was unnecessary to plead it. It was nothing but a part of the agreed consideration for the land, as plaintiff claimed, and could not be the basis of a recovery, since the contract could not be enforced.

2. The parties disagree radically as to the facts. The plaintiff testified that he deposited $2,000 with the

defendant in February, 1923, under a verbal contract with the defendant whereby the latter was to acquire a lot and build a house, and plaintiff, with his mother, was to live in the house and pay $50 per month until the aggregate of the monthly payments, together with the $2,000 paid in February, 1923, should amount to the entire cost of the property, plus $115 per year for taxes and $15 per year for insurance, less $1,000 rebate to be given him. His testimony was corroborated by some documentary evidence, but not of the character required to satisfy the statute of frauds. He was placed in possession of the property in June, 1923, and made the monthly payments thereafter without interruption. Tashgian had married Zanone's sister, and she was living when the arrangement was made, but died in 1927. After her death defendant repudiated the undertaking, and contended that the payments of $50 a month constituted a portion, and 6 per cent. interest on the $2,000 deposit the remaining rental of $60 a month agreed upon for the property. Defendant further contended that plaintiff had the option of terminating the agreement at any time by taking back his $2,000, without interest. On July 16, 1927, plaintiff offered to pay the balance due on the contract, as he claimed it to be, and demanded a deed. Defendant then repudiated the entire arrangement, and indicated his unwillingness to carry it out. He admits, however, that he was willing to sell the property to Zanone at cost, plus taxes and insurance, provided plaintiff had kept up the payments of $50 per month until the death of Zanone's mother. Tashgian's object in going into the transaction, so he claimed, was to provide a home for Mrs. Zanone, who was his mother-in-law, without a home, and in impaired health.

What has been said is sufficient to indicate the scope of the conflicting evidence. At the conclusion of the testimony, each party entered a motion for a peremptory instruction in his favor. The court then held that the monthly payments and interest on the $2,000 deposit merely offset the reasonable rental value of the property, and permitted plaintiff to recover only $34, which, in effect, was the interest upon $2,000 from February, 1923, when the deposit was made, until June, 1923, when possession of the house was given. Appellant insists that the request of appellee for a return of his $2,000 deposit under the option which he had and admitted extinguished his rights. The fallacy of the contention lies in the fact

that the demand was not made until after defendant had refused to acknowledge the contract. Zanone refused to accept a return of the $2,000, without interest, but payment was made under a stipulation that it should not affect the rights of either party. If Zanone had demanded a return of his $2,000 before repudiation of the contract by defendant, a different question would be presented. But Zanone first requested consummation of the contract, as he contended it was, and asked for a return of his deposit after the defendant had denied his claim.

It is also urged that Zanone did not bring himself within the terms of the contract, since he did not pay the $50 per month until the consideration was fully satisfied, and that a creditor cannot be compelled to accept payment of a debt in advance of its maturity. But the defendant did not reject the offer on that ground. He repudiated the whole proposition, and thus precipitated the right of plaintiff to have the matter settled. A verbal contract respecting real estate is not void, but its enforcement is prohibited, because legal proof of it cannot be made. Section 470, Ky. Stats.; Campbell v. Preece, 133 Ky. 572, 118 S. W. 373; Duteil v. Mullens, 192 Ky. 618, 234 S. W. 192, 20 A. L. R. 361. But, if the situation of the parties has been altered in reliance upon such a contract, the court will require the return of the consideration paid, and compel compensation to be made for any improvements enhancing the vendible value of the property. Dean v. Cassiday, 88 Ky. 572, 11 S. W. 601; Usher v. Flood, 83 Ky. 552; Coldwell v. Davidson, 187 Ky. 492, 219 S. W. 445.

There is a line of cases to the effect that where all of the purchase money under a verbal purchase of land has been paid, and the contract is repudiated, the court in adjusting the equities will not allow rent to the vendor, or interest to the vendee, but will conclusively presume equality of the two, and offset one against the other. Fox v. Longly, 1 A. K. Marsh, 388; Taylor v. Johnson, 3 Ky. Law Rep. 615; Robards v. Robards, 85 S. W. 718, 27 Ky. Law Rep. 494; Kay et al., v. Curd, 6 B. Mon. 105; Padgett v. Decker, 145 Ky. 227, 140 S. W. 152; Grainger v. Jenkins, 156 Ky. 257, 160 S. W. 926, L. R. A. 1915E. 404. But the principle of such cases cannot be applied where only a part of the consideration has been paid. The foundation of the rule is the legal presumption that interest on the consideration is equal to the rental value of the property, and full justice is ac-

complished by permitting each party to retain what he has received, and by returning the property to the one and restoring the consideration to the other. But manifestly a different adjustment must be made where only a portion of the consideration has been paid. Grace v. Gholson, 159 Ky. 359, 167 S. W. 420; Taylor v. Porter, 1 Dana, 421, 25 Am. Dec. 155; Montague v. Garnett, 3 Bush, 298; Higgins v. Utterback, 167 Ky. 689, 181 S. W. 333.

In cases of that character the court has deduced the principle that the vendor will be fully protected by returning to him the property, together with a rental thereon equal to legal interest on the agreed consideration, and the vendee will be fully compensated by returning to him, with legal interest, the payments made on the consideration. In determining what constitutes a fair compensation for the use of property in such cases, this court has adopted the rule that the rental recoverable shall not be greater or less than legal interest on the agreed consideration for the land. Grainger v. Jenkins, 156 Ky. 257, 160 S. W. 926, L. R. A. 1915E, 404; Blackburn v. Blackburn, 11 S. W. 712, 11 Ky. Law Rep. 161; Burch v. Burch, 49 S. W. 798, 20 Ky. Law Rep. 1614; Lucas v. McGuire, 96 S. W. 867, 29 Ky. Law Rep. 1068 May v. May, 110 S. W. 808, 33 Ky. Law Rep. 638.

The error in the judgment rendered in this case consists in the fact that it denied interest on some of the payments made by the plaintiff, and allowed rental for an amount claimed by defendant, entirely disregarding the evidence for plaintiff, which brought him within the rule limiting the recoverable rental to an amount equal to the legal interest on the agreed consideration. The court assumed that Zanone should have paid a rental proven to be reasonable, but that assumption takes no account of the testimony of Zanone that he would not have paid that much as rental. He was paying, as he thought, for the property itself, and was not able to make such an outlay for the mere use of the premises. It was for the jury to decide which of the parties was right, and for the court to indicate the principle to be applied in adjusting the rights involved in either situation that might be found to be the true one. According to plaintiff's testimony the agreed consideration was the cost of the lot and improvements, plus the sum of $115 per year for taxes, and the sum of $15 per year for insurance, with an abatement of

$1,000 from the total sum. If his testimony be accepted by the jury, the agreed purchase price was $7,490 for the house and lot, $25 for an alley, and $130 per year for taxes and insurance, bringing the entire cost to $8,090.03, from which $1,000 was to be deducted, leaving the purchase price fixed at the sum of $7,090.03.

There is difficulty in making the calculation because the consideration would advance to the extent of the agreed amount for taxes and insurance each year; but the time for the adjustment is when the contract was repudiated, and on that basis plaintiff's figures are approximately correct. Legal interest on the agreed consideration, if the jury found for plaintiff, would be considerably less than $60 per month. Yet that was all the rental that could be charged, if the plaintiff was correct as to the existence and terms of the verbal contract. The rent would be payable, however, in monthly installments, and care should be taken that plaintiff be allowed only the excess of his monthly payments over the amount that would be due from him under the principles we have indicated. In calculating interest on the payments, this fact should not be overlooked. On the other hand, if the defendant was found by the jury to be correct in his contention regarding the contract, the plaintiff would be liable for the rental at $60 per month, and the finding embodied in the peremptory instruction was substantially accurate. In view of the conflict in the evidence, the court should have submitted to the jury the respective contentions of the parties. The precise amounts due under both theories should be calculated, and the jury instructed to find for the plaintiff the one or the other sum, depending upon its finding of fact as to which was the true contract between the parties.

The case was a suitable one for adjustment in equity, but no motion was made by either of the parties to transfer it, and we, like the litigants, have treated the case as an action at law. Civil Code, sec. 11; Fraley v. Peters, 12 Bush, 469; Hill v. Phillip's Adm'r, 87 Ky. 169, 7 S. W. 917, 10 Ky. Law Rep. 31; Morawick v. Mortineck, 128 Ky. 157, 107 S. W. 759, 32 Ky. Law Rep. 971.

The judgment is reversed, for proceedings consistent with this opinion.