JUDGE DUVALL
delivered the opinion of the court:
This was an action in the name of Thomas H. Waters, for the use of Lydia Hindman, against P. B. Waters, on a note executed by the latter to the former, dated and due the 10th March, 1827. The suit was brought in September, 1854.
The defendant, in his original answer, “ states that the note sued on has been and was well and truly paid off and discharged before the institution of this suit,” and he relies upon and pleads the lapse of time after the date of said note before the institution of this suit. In an amended answer he alleges, in substance, that he was entitled, under the will of his father, to a legacy of $250; that the plaintiff, as executor of the will, had received assets of the estate more than sufficient to pay this legacy, but that the plaintiff had misappropriated the assets, and had failed and refused to pay to the defendant his legacy of $250, which matters he relies upon as payment of the note sued on, and by way of counter claim.
The case having been submitted to the court for trial, on the pleadings and evidence, judgment was rendered against the defendant for the amount of the note sued on, and he has prosecuted this appeal.
The defense set up in the amended answer was wholly unsustained by the proof, and the only material question presented by the record, is that which arises on the general plea of payment and the testimony relating to that issue.
On the part of the defendant it was proved that from the *521 date of the note, up to the time the suit was instituted, he was solvent, and abundantly able to pay all his debts.
The proof relied upon by the plaintiff consists of the dispositions of T. J. Helm and Eliza A. Hindman. Helm proved that, in 1843, T. H. Waters, who lived in Lexington, inclosed to the witness this note on the defendant, who is a brother of plaintiff, and also a claim of $80 for the hire of a negro woman; that he presented the note to the defendant for payment, “ and he refused to pay it, saying he did not owe one cent of it, that Thos. H. Waters was in debt to him.” On cross-examination he states that “when I presented the note to P. B. Waters, he promptly refused to pay it, saying that it was his own money, and he did not owe one cent of it.” Miss Hindman proves that she was present when, in the summer of 1854, her mother presented the note, and the $80 claim for negro hire, to P. B. Waters for payment; “that he said he would not pay either of the claims unless he was compelled to do so by law; he said he had got the money (the $225) from T. H. Waters, but that he did not intend to pay the note.” On re-examination she stated that“P. B. Waters said it was a just debt, but that he did not intend to pay it unless he was compelled to do so by law.”
No attempt was made by the appellant to prove an actual payment of this note; nor didhe on either of the two occasions when the note was presented for collection, refer to the fact of a previous payment by him, as a reason why “ he did not owe one cent of it.” The testimony of the two witnesses, taken all together, and considered in connection with the answers of the appellant, seems to authorize the inference that he had ref-ference, on both occasions, to the alleged indebtedness of his brother to him, on account of the legacy of $250 as the only payment of the note relied upon by him.
But it is insisted by his counsel here, that the lapse of time has created a presumption of payment, sufficient of itself to defeat the action. And this is unquestionably true, unless that presumption is rebutted by other facts and circumstances disclosed by the record. Of course, the limitation of actions prescribed by the Revised Statutes has no application to this case.
*522 It has been said that “in a case coming within the statute of limitations, the lapse of time prescribed by the statute is plead-able as a bar to the action, and the jury would be concluded by it, though they were convinced that the debt still remained due and unpaid. But where length of time is not per se a bar, but used merely as evidence, it is a matter for the consideration of the jury to credit it or not, and to draw their inference the one way or the other, according to circumstances. There is no statute of limitation which prescribes a time for bringing an action upon a bond, nor will any length of time operate as a bar to such action.” (Shields vs. Pringle, 2 Bibb, 387.)
What circumstances or facts may be relied on to rebut this presumption arising from the mere lapse of time ? The answer to this question is.obvious. It is a mere presumption of fact, which may be repelled by any circumstance inconsistent with it, or which tends to destroy or impair its force. The circumstances generally enumerated by the authorities, as having this effect, are the payment of interest within twenty years; a demand by the obligee ; an acknowledgment by the obligor within that period ; or that the defendant was in bad circumstances, or the demand trifling: Each of these several circumstances has been held sufficient to repel the presumption of payment. (2 Stra., 826; 2 Lord Raym., 1370; Cow., 109 and 214; 2 Bibb, 387.)
In Best on Presumptions (sec. 137) it is said that “ of the presumptive proof of payment, the most obvious is that of no demand having been made for a considerable time.”
So, in Greenleaf on Evidence (sec. 39) it is said, that “ where a debt due by specialty has been unclaimed and without recognition for twenty years, in the absence of any explanatory evidence, it is presumed to have been paid.”
It is clear upon these authorities, as well as upon the very nature and reason of the presupmtion itself, that a demand of payment within the period of twenty years, is sufficient to repel the presumption, especially in the absence of any circumstance tending to fortify it.
In this case the parties are brothers. A demand of payment was made in 1843, and, as already stated, the justice of the *523 claim was denied, not upon the ground of previous payment, but upon a different ground. And we are of opinion that the circuit court properly refused to allow the naked presumption arising from lapse of time, unaided by any other fact in the case, to prevail against the opposing circumstances referred to.
The judgment is affirmed.