CASE 88—PETITION EQUITY—MAY 16.

# Dean v. Cassiday, &c.

APPEAL FROM MARION CIRCUIT COURT.

A VERBAL CONTRACT FOR THE SALE OF LAND can not be enforced by either party, and its rescission upon equitable terms will be declared at the option of either party, as the right to enforce a contract must be mutual.

One party having erected improvements upon the land of another under a verbal contract between them, the Chancellor did right in ordering a sale of the property at the instance of the party who erected the improvements, and in dividing the proceeds in the proportion of the value of the lot and the improvements. The owner of the land has no right to insist upon the enforcement of the verbal contract, by which he claims the other party was to have the use of the property for life as compensation for the erection of the improvements.

G. W. CRADDOCK, SAM CLEAVER AND CHAS. F. EXUM FOR APPELLANT.

1. The parties being adults and laboring under no legal disability, a court of chancery had no power to sell real estate in which one held the fee, and the other a life estate, without the consent of both. (Gossom v. McFerran, 79 Ky.)

2. A contract, though within the statute of frauds, is good as a defense when executed in whole or in part. (Roberts v. Tennell, 3 Monroe, 247.)

3. An oral contract in regard to land can not be abandoned so as to charge the vendor with improvements made by vendee. (Gudgell v. Duvall, 4 J. J. M., 229.)

ROUNTREE & LISLE for appellees.

1. Whether the agreement that appellee should build upon the land of appellant was within the statute of frauds or not, appellee took no kind of estate in the land. (Gen. St., chap. 22, p. 248; Gen. St., chap. 24, sec. 2, p. 255.)
2. Such agreement was not void, but unenforceable, and the appellee had an equitable lien on the land for her improvements. (Ford v. Ellingwood, 3 Met., 363; Brown v. East, 3 Mon., 408; Dillon v. Cook, 11 Bush, 326; McDonald v. Fleming, 12 B. M., 288; Beasley v. Harris, 1 Bush, 534.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The appellee, Mary Cassiday, is the mother-in-law of the appellant, Philip Dean. He was the owner of a vacant lot, worth about four hundred dollars. Under a verbal contract between them, she erected a brick business house thereon, costing over two thousand dollars, and improving the property in that sum. They do not agree as to the character of the contract. He testifies in substance that she was to have the rent of the property during her life, as compensation for building it.

She says in her petition, that she was to have the use of it for her life, with the privilege of selling it at any time, if she desired, and paying him four hundred dollars of the proceeds. In her testimony, however, she says that nothing was said as to her selling it, but that she was to have the rents. Both agree, however, that the contract was verbal.

Some time after the erection of the store-house, she, without the knowledge of the appellant, who did not live in the vicinity, sold it to one Graham.

He paid a portion of the purchase money to her, and this action was brought against him by her upon the notes for the remainder of it, the appellant also being made a defendant.

The latter objected to the sale, and as a necessary result, owing to his being the title holder, the sale to Graham was rescinded with a reference to the master to ascertain the value of the rents and improvements by Graham, and how much purchase money he had paid to Mrs. Cassiday.

The appellant, Dean, objected to any sale of the property, and insisted upon the fulfillment of the contract between him and his mother-in-law, as he understood it.

The lower court held, however, that there was no binding contract between them. It ordered a sale of the property, the proceeds to be divided between the appellant and the appellee in the proportion of $400 to $2,130, the value of the lot and the improvements being thus fixed respectively by the court, and the claims of Graham to be satisfied out of what might be coming to Mrs. Cassiday. Rents were, when ascertained, to be accounted for by Mrs. Cassiday to the appellant in the same ratio.

The appellant now insists that it was error to order a sale of the property, because he was willing, and consented by his pleading, to carry out the contract with Mrs. Cassiday, and let her have the rents of the property during her life; and that as he was not questioning her right to the use of it, and she had gone into possession, she could not treat the contract as within the statute of frauds, and abandon it and look to the property for pay for her improvements.

It is true, the statute does not declare parol contracts as to land void, but merely provides that no action shall be brought to charge any person thereon.

They are often therefore, as was said in Gudgell v. Duvall, 4 J. J. M., 229, " efficacious as a shield, to protect those claiming under them." They are valid for many

purposes, and may often be used as a shelter to prevent injustice being done.

Thus equity gives to a parol purchaser of land a lien upon it for the purchase money he may have paid, and also for the value of any permanent improvements made bona fide.

He can not be turned out of possession without indemnity; but although possession may have been delivered or part of the purchase money paid, yet a specific execution of the contract will not be ordered, but the rents and improvements and any purchase money received by the vendor will be adjusted upon equitable principles. Unquestionably the contract in this instance, whatever it may have been, was within the statute of frauds, and the appellant, Dean, could have disregarded it ad libitum at any time. Mrs. Cassiday could not have resisted a claim by him to the property and the possession of it, save to the extent of getting pay for her improvements.

She could not have enforced the contract as against him; and this being so, either had the right to disregard it. The right to enforce it should not rest upon the will of the one party.

It is elementary in the law of contracts that the right to enforcement must be mutual and belong to both parties. Mere possession under a parol agreement as to land, and which is within the statute, will not enable the party in possession to defeat a recovery by the owner. The holder can only insist upon any equities growing out of the transaction. The contract will be disregarded at the instance of either party upon equitable principles.

It may now be regarded as the settled rule in this

State, that a verbal contract for the sale of land can not be enforced by either party. Its rescission upon equitable principles will be declared at the option of either party. The vendor in such a case cannot, as was held in some of the earlier cases, make the conveyance, and compel performance, while the vendee has no such right. It matters not that the latter may have been put in possession by the vendor. He is not even then bound to accept a deed and comply with the verbal contract, since the vendor was within the protection of the statute, and it was altogether optional with him whether he would comply. It would be inequitable to give the right of refusal to the one and not to the other.

Moreover, to allow an enforcement of such a contract because the vendor is willing to comply, would prevent the statute from defeating the mischief it was intended to meet.

This question, under a somewhat different phase of facts, was fully considered and the authorities reviewed in Usher's Executor v. Flood, 83 Ky., 552; but the rule there announced is applicable here, and is, in our opinion, the correct one.

In this case the appellant, Dean, has not offered by deed to invest Mrs. Cassiday with the use for life of the property; but if he had done so, it would not, as we have already seen, give him the right to insist upon the execution of the contract, which it is affirmed upon the one hand was made but denied upon the other.

The sale to Graham by Mrs. Cassiday, and which appears to have been made by her in good faith, complicated matters; and it is fortunate, in view of the situation

·of all the parties, that the law applicable to the ⸱case enabled the lower court to do justice to all of ⸱them.

Judgment affirmed.