## Elliott v. Walker, et al.

(Decided October 24, 1911.)

### Appeal from Laurel Circuit Court.

1. Land—Rights of Purchaser When Written Contract for Sale of is Rescinded.—When a written contract for the sale of land is rescinded, the purchaser although he may never have been in the possession is entitled to a lien for the purchase money paid.

2. Land—Rights of Purchaser Under Parol Contract—Limitation.— A purchaser of land by parol, in possession, has a lien upon the property he is in the possession of to re-emburse him for the amount paid under his parol contract, and the statute does not run against his right to recover the purchase money until the vendor refuses to execute the contract by a conveyance; but, when the vendor refuses to execute the contract, the statute begins to run, and the right to recover the purchase price is barred in five years from that time.

HAZELWOOD & JOHNSON for appellant.

GEO. G. BROCK, W. E. BEGELY and HINKLE & WALKER for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellant, David Elliott, brought this action in ejectment, alleging that he was the owner and entitled to the possession of twenty-five acres of land, describing it, that it was wrongfully withheld from him by the appellees, defendants below. The answer traversed the allega-

tions of the petition and affirmatively pleaded that the defendants were the owners and in the possession of the land sought to be recovered. In a reply the plaintiff set up that the ancestor of the appellees sold and conveyed the land in controversy to his remote vender, James Sparks, for the consideration of $125.00, and that Sparks was placed in the possession of the land and the same continued in his possession and those claiming under him. He prayed in his reply for a recovery of the land, but if that relief could not be granted that he recover $125.00 with interest from the date of payment by Sparks, and that it be declared a lien upon the land. In a rejoinder the defendants relied upon the statute of limitations as a bar to the right of the plaintiff to recover any part of the purchase money.

The case after being prepared for trial was submitted for hearing and a judgment rendered dismissing the petition.

The evidence shows that in 1891 James Sparks and Marion Walker, the husband of appellee, Lucretia Walker, and father of the other appellees, entered into a parol contract by which in consideration of a mare and colt and twenty-five dollars in money Walker sold to Sparks twenty-five acres of land then owned by and in the possession of Walker. There was no written evidence of the contract. The evidence further shows that in 1892 or 1893 an effort was made by Sparks to obtain a deed from Walker and his wife for the land, but they refused to make one. In 1893, Sparks, although he had no title to the land, sold and conveyed it by deed to F. P. Elliott, who in 1907 sold and conveyed it to the appellant, David Elliott. It will thus be seen that the appellant had no title back of Sparks. Counsel for appellant, in view of this condition, abandoned their right to recover the land as sought in the petition, and are now insisting that they should be given a lien upon it for the purchase money paid by Sparks. It seems that the land, although purchased by Sparks in the manner stated, was never separated or set apart by an enclosure from the remainder of the tract owned by Walker, but continued to remain enclosed in his boundary of land. Nor has any person ever lived on the twenty-five acre tract, but there is some evidence that Sparks cultivated the land by a tenant in 1891 or 1892, and that for probably two years thereafter, tenants of F. P. Elliott cultivated a part of the land. On the other hand,

the evidence for appellees shows that they have always retained the possession, use and control of the land.

It has been held that when a written contract for the sale of land is rescinded, that the purchaser, although he may never have been in the possession, is entitled to a lien for the purchase money paid, (Bullitt v. Eastern Kentucky Land Co.; 99 Ky., 324), and it has been settled by more than one decision of this Court that the purchaser of land under a parol contract who is in possession of the land will be given a lien upon the land to secure him in the amount paid under the parol contract, but we know of no case holding that a purchaser by parol who is not in possession either by himself or tenants has been adjudged a lien for the amount paid. Usher v. Flood, 83 Ky., 552; Speers v. Sewell, 4 Bush 239; McCampbell v. McCampbell, 5 Litt., 92; Lyttle v. Davidson, 23 Ky. L. R., 2262. We think, therefore, the judgment of the lower court might well be sustained upon the chancellor's finding of fact that neither Sparks nor his vendees were ever in the possession of the land. But, there is another reason why appellant should not recover the purchase money. It is shown in the evidence that more than fifteen years before the institution of the action Walker repudiated his verbal contract, or rather declined to perfect it by a conveyance, and the right of action to recover the purchase price paid under the parol contract accrued when the parol vendor refused to make a conveyance. The rule as we understand it is that a parol purchaser in possession has a lien upon the property he is in possession of to re-imburse him for the amount paid under his parol contract, and the statute does not run against his right to recover the purchase money until the vendor refuses to execute the contract by a conveyance, but when the vendor refuses to execute the contract, the statute begins to run and the right to recover the purchase price is barred in five years from that time. In Lyttle v. Davidson, supra, the Court upon this point said:

"It is urged that the statute of limitations bars appellee's right to recover the money which he paid the decedent on the purchase of the land. His cause of action did not accrue until there was a refusal upon the part of the representatives of decedent to carry out the contract. From the time of this refusal until the appellee filed his petition, five years had not elapsed—hence, the statute did not bar his recovery."

Wherefore the judgment of the lower court is affirmed.