## Coffey, et al. v. Humble, et al.

(Decided September 19, 1913).

### Appeal from Russell Circuit Court.

1. Land—Parol Purchase—Rent.—Where one takes possession of land under a parol purchase of same, although he cannot defeat an action for its recovery by the holder of the legal title, or enforce a specific performance, he has a *resisting equity,* which entitles him to a lien upon the land for the consideration paid for it and the enhanced value given the land by such lasting and valuable improvements as, he may, in good faith, have put upon it, but is chargeable with rent during his occupancy thereof.

2. Land—Rent—How Regulated.—In adjusting the rights of the parties under the above rule, the correct rule as to the quantum of rents is that they should be regulated by the interest on the consideration and on the value of the *improvements, being neither greater nor less than their united amount.*

J. H. STONE, J. F. MONTGOMERY for appellants.

BERTRAM & PHELPS for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

This action was brought by the appellants, Essie Bell Coffey, Jonah Lee Coffey and Otha Lee Coffey, infants by their statutory guardian, Thomas Coffey, to recover of the appellees, J. E. Humble and Sandy Tucker, the possession of a forty-acre tract of land lying on the waters of Wolf and Dud creeks in Russell county; also $100 damages for the cutting of timber therefrom by appellees, and $150 damages for five years' possession and use of the land by them; it being alleged in the petition that the above-named infant appellants are the owners in fee, and entitled to the immediate possession, of the land, and that appellees are illegally in the possession thereof.

Appellees' answer traversed the averments of the petition and, in addition, alleged title in themselves to the land, acquired through appellants' ancestor as follows: That is, that the mother of the infant appellants, Narcissa Coffey, then living, in 1901 by purchase, and a deed from Junius Popplewell, acquired the legal title to and possession of the land in question, and two years thereafter, for $75 cash in hand, sold it to James Tucker, who sold it to Asa Lawless; that Lawless sold it to the appellant, Thomas Coffey, who sold it to William

Stephens, who sold it to appellee, Sandy Tucker, by whom it was sold to appellee, J. E. Humble, and the latter, a year later, resold ten acres of it to Sandy Tucker.

Although it is alleged in the answer that each sale of the land referred to was for a valuable consideration, it is therein admitted that, beginning with James Tucker and ending with Sandy Tucker, none of the several purchasers of the land received a deed of conveyance thereto, or other writing evidencing the sale, from his vendor. It is, however, alleged in the answer that when James Tucker purchased the land of Narcissa Coffey, she delivered to him, unrecorded, the deed by which Junius Popplewell had conveyed it to her, and that she then placed him in possession of the land; also that each subsequent sale of the land down to that made to Sandy Tucker was accompanied by a delivery, by the vendor to his vendee, of the Popplewell deed and the possession of the land; but that when Sandy Tucker sold it to J. E. Humble, he executed and delivered to him a deed thereto, duly signed and acknowledged by himself and wife.

It is further alleged in the answer that neither the appellees nor any of the intermediate vendees of Narcissa Coffey were ever disturbed by her in their possession of the land; and that, though she lived in the neighborhood of the land from the time of its sale by her to James Tucker until her death four or five years thereafter, she never questioned any of the purchasers' ownership of the land or their legal right to its possession. This alleged acquiescence by Narcissa Coffey in her vendees' possession of the land is pleaded as an estoppel and bar to the claim of title asserted to same by the infant appellants and their guardian.

It is also alleged in the answer that appellee, Sandy Tucker, while in possession of the land in question and, in good faith, believing himself to be the legal owner thereof, erected and made thereon necessary, valuable, and lasting improvements, consisting of a dwelling house and well; and that he cleared and made productive a part of the land not theretofore tillable, at a cost to himself of $50 for the house, $50 for the well and $40 for the clearing.

The answer was made a counterclaim and judgment prayed for the value of these improvements, together with the purchase price paid by James Tucker to Narcissa Coffey for the land, with interest on the whole; also for the sale of the land for its payment, in the event the.

court should adjudge appellants entitled to recover the land.

Appellants, by reply, assailed the validity of the several sales of the land set out in the answer, under which appellees claim title; alleged that none of them was enforcible, the same not being in writing, and pleaded the statute of frauds.

The case was transferred to the equity docket and, on, the hearing, the circuit court, by the judgment rendered, dismissed both the petition and counterclaim, at appellants' cost, and the latter have appealed.

In thus disposing of the case the circuit court erred. As the several contracts with respect to the sale of the land, under which appellees claim title, were not in writing, and were for this reason within the statute of frauds, they are uninforceable; Kentucky Statutes, Sec. 470, sub-sec. 6; Boone v. Coe, 153 Ky., 233; Bull v. McCrea, 8 B. Mon., 423; Greenwood v. Strother, 91 Ky., 482; therefore, Narcissa Coffey was never divested of the title to same, for which reason, at her death it passed or descended, under the statute, to her surviving children, the infant appellants, as her heirs at law. But, while the latter are not estopped by the verbal sale made of the land by the mother, or by her acquiescence in its possession by her vendee and subsequent like purchasers, from recovering it, they cannot do so without restoring to appellees the consideration their mother received for the land from her vendee, James Tucker, at the time of its verbal sale to him, and compensating them for such valuable and lasting improvements as they may have put upon the land.

It is well settled that, where one takes possession of land under a parol sale, although he cannot defeat an action for the recovery of the land by the vendor, nor enforce a specific performance, he has a resisting equity which entitles him to a lien upon the land for the consideration paid for it and the value of such improvements as he, in good faith, made or placed upon it, that is, an amount equal to the increase in the vendible value of the land caused by the improvements. Fox v. Langley, 1 Mar., 388; McCracken v. Sanders, 6 T. B. Mon., 557; Dean v. Cassidy, 88 Ky., 572; Usher v. Flood, 83 Ky., 552; Bullitt v. Eastern Ky. Land Co., 99 Ky., 324; Elliott v. Walker, 145 Ky., 71.

It is not to be overlooked, however, that, in such case, the vendee under the verbal sale is to be charged with

the rental value of the land for the years the vendor is deprived of the possession of it. The rule adopted by this court as to the quantum of rents is stated in Morton's Heirs v. Ridgeway, et al., 3 J. J. Mar., 258; Hawkins v. Brown, et al., 80 Ky., 186, and in the more recent case of Weber v. Lightfoot, et al., 152 Ky., 83, as follows:

"The rents should be regulated by the interest on the consideration and on the value of the improvements, being neither greater nor less than their united amount."

Upon the return of the case to the circuit court, such judgment should be rendered as will adjust the rights and equities of the parties according to the rule above indicated; the court being governed by the weight of the evidence contained in the record and such further evidence, if any, as may be taken by the parties in acertaining the consideration actually received for the land by appellants' mother, Narcissa Coffey, and in ascertaining the extent, if any, to which the vendible value of the land has been enhanced by the improvements made upon the land by appellees. In adjudging to the infant appellants restoration of the land, appellees should be given a lien thereon for such amount, if any, as may be found in their favor; and the land, or so much thereof as may be necessary for the purpose, be ordered sold to pay same.

For the reasons indicated, the judgment is reversed and cause remanded for such further proceedings and judgment as will conform to the opinion.