## Rowe v. Epling, et al.

(Decided March 5, 1915.),

### Appeal from Pike Circuit Court.

Estoppel—Acts Constituting Estoppel—Conveyance to Another Grantee.—Where a grantee fails to record his deed, and after living on the land for several years, sells it to a third person, and instead of re-conveying the land himself, returns the unrecorded deed to his grantor and secures a conveyance by the grantor to the third person, who is put in possession and pays for the land, he is thereafter estopped from asserting title in himself.

ROSCOE VANOVER for appellant.

ROBERSON & COOPER and CHILDERS & CHILDERS for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiff, Shurd Rowe, sold to the defendant, Isaac Epling, a tract of land located in Pike County, and several years later brought this action to recover the land on the ground that the sale was by parol and, therefore, void. Among other defenses the defendant pleaded estoppel. On final hearing a judgment was entered in favor of the defendant. Plaintiff appeals.

The facts are these:

Plaintiff purchased the land in controversy from G. W. Belcher, and received a deed therefor. Plaintiff lived on the land for several years, but never put the deed to record. He then sold the land to Epling. In order to avoid the expense of putting his deed to record and having a new deed prepared, he delivered the unrecorded deed to Belcher, with the request that the latter convey the land direct to Epling, which was done. Epling was then put in possession of the land, and paid the entire purchase price. After that Epling built certain improvements on the land, and plaintiff rented certain portions of the land from him. In the case of Salyer v. Johnson, 32 K. L. R., 709, a party holding an unrecorded deed to a tract of land sold the land, destroyed the unrecorded deed and directed his grantor to make conveyance direct to his grantee. In discussing whether or not the title passed, the court said:

"Does a party, who holds an unrecorded deed, part with his title to the land described in the deed when he destroys his deed, and requests his grantor to make conveyance direct to his vendee? We think, unquestionably, that he does upon the ground of estoppel. The law will not permit him, after parting with his title under such circumstances, to assert title to the land. After destroying his own deed and directing his grantor to convey to his grantee, and accepting from his grantee the purchase money, he cannot be heard to say that he never parted with his title to the land. By such conduct he is precluded from asserting title to the land in question as effectually as if he had, in fact, made the necessary conveyance himself."

In Griffitts v. Griffitts, 119 S. W., 784, Samuel Griffitts purchased a tract of land from James Wells and wife, and received a deed therefor, dated November 15, 1898. On August 26th, following, Samuel Griffitts, who had put his deed to record, induced Wells and wife to make a new deed to his son, which was duly recorded.

On July 26, 1906, Samuel Griffitts put to record the original deed which had been executed to him by Wells and wife, and sought to recover the land of his son. The court said:

"It is true that appellant was at the date of the execution of this deed to appellee the actual owner of this land by purchase from Wells, but it is equally true that the record evidence of title was still in Wells, the first deed not having been put to record. It is also true that appellant procured Wells and wife to make the deed to appellee in the way and manner in which they did. Under these circumstances, does it lie in the mouth of appellant to make such a claim and deny that any title passed? We think not, for it is immaterial whether he was moved to have the deed made in this way by the love and affection which he bore for his only son, or for the sinister motive of defeating the Commonwealth in its effort to collect from him a bond upon which he was security. The result was the same. On his own initiative the deed was made as it was, and, if he chose to destroy the evidence of title which was in himself, and have the land conveyed direct to his son, he had a perfect right to do so, and certainly, having done so, he is in no position to take advantage of that fact and now claim that no title passed by virtue of that transaction and deed.

"It is urged that, in order to induce Wells to make the second deed, appellant represented to him that the first deed was lost, but whether he did so or not is immaterial, for it is admitted that the deed was made by Wells at the request of appellant, and, after so made, appellant caused it to be recorded in the proper office, paid the fees therefor, and, in short, did everything that he could do to invest his son John with the title to said land. Thus, by his own acts, he is estopped from denying title to his son or asserting title in himself. There is no merit in his suit, and the trial court correctly so held."

It is sought to distinguish this case from the above cases on the ground that the grantor in each of the above cases destroyed his evidence of title. It is true that the grantor, in the case of Salyer v. Johnson, *supra*, did destroy the unrecorded deed, but, in the case of Griffitts v. Griffitts, *supra*, he merely represented that the deed had been lost, and afterwards put the deed to record. It was held that this fact was not material. Here plaintiff, instead of destroying his deed, delivered it to his imme-

diate grantor with request that he make conveyance direct to Epling. He adopted this method of passing the title in order to avoid expense. By surrendering the deed he effectually destroyed the evidences of his title as if he had destroyed the deed itself. By adopting this method of conveying the title Epling was induced to take possession of the land, pay the full purchase price, and make lasting improvements thereon. The chancellor correctly held that plaintiff was estopped from thereafter asserting title in himself.

There is nothing in the case of Coffey v. Humble, 154 Ky., 708, that conflicts with the rules herein announced. In that case the parties merely attempted to pass title by delivering to each other an unrecorded deed. The party in whom the record title stood was not requested to. make a conveyance direct to the grantee, and no question of estoppel was involved.

Judgment affirmed.