## Roberson, et al. v. Boaz.

(Decided June 6, 1922.)

### Appeal from Bath Circuit Court.

1. Appeal and Error—Judgment—Final Order.—A judgment rendered, following a submission of the case on its merits, and which, in legal meaning and effect, conclusively determines the respective rights of the parties by deciding the issues raised and litigated and definitely granting or refusing to either party the relief sought, is a final judgment from which the party or parties aggrieved may take an appeal although the case may be passed or retained on the docket for the future enforcement of some detail of the judgment provided for by it terms.

2. Judgment—Setting Aside—Innocent Purchaser at Foreclosure Sale. —One purchasing land under a judgment of foreclosure on a fraudulent mortgage, with knowledge of the fraud in the mortgage, will not, in an action to set aside such judgment and sale subsequently brought by the true owners of the land; who were not parties to the foreclosure suit, be treated as an innocent purchaser of the land, or permitted to recover of the true owners the consideration paid by him for the land; or to escape liability to them for the value of such timber as he may have cut from the land and of a house he removed therefrom.

W. S. GUDGELL and HAZELRIGG & HAZELRIGG for appellants.

G. C. EWING and MORGAN M. ATCHISON for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

It appears from the record on this appeal that one Lafayette Roberson inherited from his father, James Roberson, deceased, an undivided interest in a tract of land in Bath county, which he sold and with the proceeds bought of his sister, Letitia Karrick, in 1900, a fifty-eight acre tract of land in the same county. He obtained at the time of its purchase possession of the land and a valid deed to same, which he failed to have recorded before his death two years later. It appears that the deed was carried folded on his person or in some such way as caused it to come apart in the folded places. He owned and with his family was living upon the land at the time of his death.

Layfayette Roberson was survived by his wife, Judith Roberson, and several children, all of whom save one, Lafayette Roberson, Jr., are named with her as appellants herein. Eight or ten years after the death of La-

fayette Roberson it was discovered that the deed had not been recorded and the widow, acting upon the advice of friends, after causing its several parts to be sufficiently put together for that purpose, had the deed copied and duly recorded. It is evident from the deposition of the copyist that the copy as made and put to record was in the exact language of the deed as originally written, acknowledged and delivered. Lafayette Roberson, Jr., the son of Lafayette Roberson, deceased, grantee in the deed, seems to have disappeared some years ago, but before doing so he borrowed $109.25 from one Mason Garner and as security for the payment of the loan executed to him a mortgage on the tract of land described in the deed to his father, Lafayette Roberson, Sr., representing himself to be the true grantee in the deed. By suit the mortgage was foreclosed to satisfy the Garner debt, the land sold for that purpose and a deed made by the master commissioner to the purchaser, T. J. Boaz, the appellee herein, who thereupon took possession of the land. Neither the widow nor any of the heirs-at-law of Lafayette Roberson, deceased, except Lafayette Roberson, Jr., the attempted mortgagor thereof, were made parties to the action. As the widow is entitled to dower or homestead in the land and each of the other appellants as an heir-at-law owned an undivided interest therein, subject to the widow's right of dower or homestead, it follows that the foreclosure judgment and sale thereunder were and are void as to them. Boaz took no title by his purchase under the decretal sale, it being his misfortune that the mortgage taken by Garner was accepted by the latter without inquiry as to the mortgagor's want of title, which, if made, would easily have given him information of the fact that Lafayette Roberson, Jr., the mortgagor, owned but a single undivided interest in the land as one of the several children and heirs-at-law of Lafayette Roberson, Sr., subject to the right of the latter's widow to dower or homestead therein.

Following the judgment and sale in the Garner case the appellants, widow and heirs-at-law of Lafayette Roberson, deceased, brought this action against the appellee, J. T. Boaz, and Lafayette Roberson, Jr., to have the judgment and proceedings by which the appellee obtained the deed to and possession of the land set aside and to recover the land, alleging their ownership of same and that they were not parties to nor notified of the action in which it

was sold for Garner's debt and purchased by the appellee Boaz. They also sought the recovery of $200.00 damages for the cutting and appropriation by appellee of timber on the land and the removing of a building therefrom; and in addition prayed for the appointment of commissioners, an allotment, etc., but this feature of the case appears to have been abandoned by the plaintiffs. Lafayette Roberson, Jr., made no defense to the action.

The averments of the appellants' petition, as amended, were traversed by the answer of the appellee, T. J. Boaz, which, in addition, substantially alleged that his purchase of the land in controversy at the decretal sale under the judgment in the action of Garner v. Lafayette Roberson, Jr., was made in good faith and without knowledge on his part of appellants' claim of title to same; and that after obtaining possession of the land he so improved it as to increase its vendible value to an amount in excess of the value of the house he removed from it and any timber he may have cut therefrom. The affirmative matter of the answer was controverted by the appellants' reply, thereby completing the issues between the parties.

After the taking of proof the cause was submitted in the court below upon the pleadings, exhibits and proof for its decision of all the issues involved. The submission resulted in the following judgment, which was duly entered by the court:

"This cause coming on for trial and having been submitted on its merits and the court being fully advised, adjudges as follows: That the defendant, T. J. Boaz, be refunded the sum of $162.32, being the amount of the sale bond and interest on same, paid by him for the purchase of said land; the plaintiffs are given until the first day of January, 1919, to refund said money to the said Boaz. It further appearing to the satisfaction of the court that the defendant, Boaz, has improved the farm in controversy to a greater extent than the house and timber removed would amount to, it is therefore adjudged that the plaintiffs recover nothing on their claim for damages for the removal of said house and timber, and this cause is now continued to await the performance of the judgment; to all of which the plaintiffs object and except, and plaintiffs pray an appeal to the Court of Appeals, which is granted."

It is insisted for the appellee that this judgment is not final, therefore the present appeal therefrom should

not be entertained; and acting upon this assumption he has entered in this court a motion to dismiss the appeal, which motion was passed until the hearing of the case by the court on its merits. We think it fairly apparent from the language of the judgment that its legal effect was to finally determine the rights of the parties to the action, and it certainly was the intention of the court and parties that it should do so, for it begins with a statement showing that the case regularly came on or was reached for trial, was duly "submitted on its merits," and that the court was "fully advised" before rendering the judgment; and in awarding the appellee recovery of the $162.32 paid by him in satisfaction of the sale bond which he executed for the purchase price bid for the land at the decretal sale, and directing its repayment to him by the appellants, the court in effect declared the sale to appellee and judgment under which it was made void. In addition, the judgment refused the appellants a recovery of any part of the $200.00 damages asserted by them for the appellee's cutting of timber and removal of a house from the land. Certainly nothing could be more final or conclusive of the rights of the parties than the adjudication of these two issues set forth by the judgment; the first settling the right of the appellee to the $162.32 in lieu of the land, or for its loss; the second relieving him from liability to the appellants for the timber and house removed by him from the land. It is true the appellants were given by the judgment from October 11, 1918, the date of its entry, until January 1, 1919, within which to return to appellee the $162.32 he paid for the land, but this was a mere incidental passing of the case, that it might be kept on the docket for the enforcement of the judgment, which does not affect the peremptory and final character of its provision requiring the refunding by the appellants to the appellee of the amount named within the time specified.

After all is said the judgment terminates the action proper because it finally decides the vital issues raised and litigated in the case. It will be observed that the judgment does not provide that the right of the appellants to the possession of the land is dependent upon the refunding by them of the $162.32 to the appellee. On the contrary their right to the possession of the land is necessarily implied from the requirement of the judgment that the amount paid by appellee for it under the void decretal sale be returned to him, which impliedly delays the res-

toration of its possession to them by the latter until he is paid the $162.32. Having reached the conclusion that the judgment complained of is one from which the present appeal may be prosecuted, it next becomes necessary to consider whether the judgment properly determined the rights of the parties.

It conclusively appears from the record on the appeal that Lafayette Roberson, deceased, at the time of his death held the legal title to and was in possession of the land in controversy, therefore upon the happening of that event the title and right of possession thereto descended, under the statute, to his children and heirs-at-law, subject to the widow's right of dower therein; and as she and her co-appellants, children and heirs-at-law of Lafayette Roberson, deceased, though in possession of the land at the time, Lafayette Roberson, Jr., executed to Garner the mortgage thereon, were not parties to that instrument and had no knowledge of its execution, it, of course, created no lien upon their joint or several interests in the land. It is admitted by the appellee that the appellants were not parties to the action brought by Garner to enforce his alleged mortgage lien against the land in question and as it is shown by the record that they had no knowledge of the action, the judgment therein or sale thereunder, until they were ousted of the possession of the land under a writ of *habere facias possessionam* after its purchase by appellee at the decretal sale, it follows that the judgment in that action, sale of the land thereunder, and all subsequent proceedings were and are void as to them. This being true, and it conclusively appearing from the record that Garner at the time of the execution to him by Lafayette Roberson, Jr., of the mortgage on the land and appellee before his purchase of it at the decretal sale, knew of the appellants' possession of and claim of title to same, it is not apparent to us upon what ground the chancellor adjudged the appellee entitled to recover of the appellants the amount, or any part thereof, paid by him for the land. Clearly he was not, as far as they are concerned, an innocent purchaser of the land, consequently there were no equities moving in his behalf which made the appellants or their respective interests in the land liable to him for what he paid for the land at the decretal sale, or that entitled him to set-off against the value of the house and timber he removed from the land such increase, if any, of its vendible value as may have been caused by his improvement of same.

The chancellor seems to have erroneously attempted in this case to apply, in part, the equitable rule obtaining with respect to an innocent purchaser of land in possession under a parol contract of sale, unenforceable because within the statute of frauds. Broadly stated that rule is that:

"Where one takes possession of land under a parol purchase of same, although he cannot defeat an action for its recovery by the holder of the legal title or enforce a specific performance, he has a resisting equity which entitles him to a lien upon the land for the consideration paid for it and the enhanced value given the land by such lasting and valuable improvements as he may, in good faith, have put upon it. But he is chargeable with rent during his occupancy thereof; and in adjusting the rights of the parties in such state of case the correct rule as to the *quantum* of rents is that they should be regulated by the interest on the consideration and on the value of the improvements, being neither greater nor less than their united amount." Fox v. Longly, 1 A. K. Mar. 388; Hawkins v. Brown, 80 Ky. 186; Elliott v. Walker, 145 Ky. 71; Coffee v. Humble, et al., 154 Ky. 708; Granger v. Jenkins, 156 Ky. 257; Grace v. Gholson, et al., 159 Ky. 359.

It is obvious from the mere statement of the rule that its assistance cannot be invoked by the appellee. The appellants were neither parties nor privies to the mortgage executed by Lafayette Roberson, Jr., on the land, the action brought to enforce it, the judgment rendered therein or the sale of the land thereunder to the appellee. Consequently the mortgage, judgment and sale were and are void as to them; and this being true the chancellor should not have awarded appellee the recovery as against them or their respective interests in the land, for the amount or any part thereof the judgment requires them to refund to him; nor should the appellants have been refused judgment for the possession of the land or the value, as shown by the evidence, of the house and timber removed by appellee from the land. It was not error to refuse appellants the recovery against appellee of rent for the several years' possession and use of the land enjoyed by him, as the petition asserted no claim therefor.

At most the appellee could have acquired nothing by his purchase of the land at the decretal sale, unless it was a lien upon such undivided interest, if any, as the mortgagor, Lafayette Roberson, Jr., may have owned therein

at the time of such sale as an heir-at-law of Lafayette Roberson, deceased, subject to the widow's dower; and as such interest is not fully disclosed by the record and such lien was not asserted by a cross or other pleading filed in this action by appellee against Lafayette Roberson, Jr., upon the return of the cause to the circuit court he may, if he so elects, by an amendment or other proper pleading, be permitted to show what interest, if any, Lafayette Roberson, Jr., owns in the land and assert his lien against such interest.

For the reasons indicated the motion of appellee to dismiss the appeal is overruled, judgment reversed and cause remanded, with directions to the circuit court to set it aside and enter in lieu thereof such judgment as will not be inconsistent with the opinion.