## Prichard, et al. v. Smith.

(Decided October 30, 1925.)

### Appeal from Lawrence Circuit Court.

1. **Husband and Wife—Married Woman Electing to Avoid Deed Must Return Consideration.**—Where a married woman elects to avoid her deed because her husband did not join with her therein, she must return the consideration.

2. **Husband and Wife—Defendants Held Entitled to $500.00 on Avoidance of Deed by Married Woman Because Husband did Not Join Her Therein.**—In suit by married woman to set aside conveyance because her husband did not join her therein, with counterclaim by defendants for improvements, taxes, and support of plaintiff, held, that, in view of plaintiff's work and rental value of property as balanced against taxes paid thereon by defendant and what was a fair charge for plaintiff's keep during such years, defendants were entitled to the sum of $500.00 from plaintiff on avoidance of the deed.

WAUGH & HOWERTON for appellants.

JOHN W. WOODS, A. O. CARTER and F. M. VINSON for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

In the middle eighties, A. K. Watson died, leaving surviving him his widow, the present appellee, and a number of children, then all minors, among which was the present appellant. He died the owner of a large tract of land in Lawrence county. In 1889 his widow intermarried with William Smith. They do not seem to have lived together more than a few months, after which time William Smith left Lawrence county, and, so far as the parties to this litigation are concerned, was thought to be dead for a number of years before and after the transactions hereinafter set out. It developed, however, that he was not dead but still living in Huntington, W. Va., at the time this suit was instituted. About 1904, the youngest child having come of age, the children and their mother made deeds of partition among themselves, in which partition there was set aside to the mother in fee a tract of land on which the home was located, known in this record as the ten acre tract, and to

the appellant a tract unimproved and then mostly in woodland, known as the sixty acre tract. The appellant was next to the youngest child, her brother, Lewis, being the youngest. None of the other children were willing to stay on the home place and live with their mother, who was then about sixty-five years of age. The appellant was then about twenty-four years old and single, and she and her mother entered into an agreement whereby she agreed to stay on the home place and support her mother as long as her mother lived, in return for which her mother then deeded to her the ten acre tract, the deed reciting the said consideration of support. The record is vague, but the appellant seems to have intermarried about this time. Her husband, however, too left her within a few months and she thereafter divorced him. There was born of this union, one child. The appellant, her child and her mother, the appellee, lived together on the ten acre tract from 1905 until 1920. In 1911, the appellant intermarried with Jim Prichard, her co-appellant, who at that time was a widower with several children of his own. From 1905 to 1911, the appellant and appellee had a hard time getting along. They lived together on the home place, the appellant probably doing a little school teaching to eke out the income. At times she rented out the home place and probably some of the sixty acre tract for grain rent or cash rent, doing herself the hard work in the garden and tending the stock. Her mother helped about the house with the housework and in the rearing of her infant child. When appellant intermarried with Jim Prichard in 1911, the home place had become very much dilapidated. The two women had been unable by their labor to improve its fertility and the poverty of their resources forbade them even keeping it in a state of respectable repair. Towards the end of this period the appellant was even compelled to borrow money to sustain herself and mother. After her marriage with Jim Prichard in 1911 things took a change. He seems to have been a most excellent husbandman. He built a new barn on the home place, fenced it, ditched it, set out an orchard, increased its fertility by manuring and sowing clover and cow-peas, re-roofed the dwelling, put a new porch on, constructed some corn cribs, and did many other things which by 1920 had more than doubled the value of the ten acre tract. Just prior to 1913 Jim Prichard bought from the appellant's brother, Lewis, the tract of land he had received in the partition of 1904.

Prichard in taking the deed had the property conveyed jointly to himself and appellant. In 1913 appellant thought that, inasmuch as her husband had conveyed her a joint interest in the Lewis tract, it was no more than right or fair that she should convey to him a joint interest in her sixty acre tract and the ten acre tract. Being advised by some one that she could not make a deed direct to her husband, she and her husband joined in a conveyance of the ten acre and sixty acre tracts to her mother, and the latter simultaneously reconveyed the two tracts to appellant and her husband jointly. This deed also recited the fact that the grantees were under obligation to support appellee as long as she lived. After the marriage of appellant to Prichard, the appellee, no doubt on account of her advancing years, she being then well into her seventies, and no doubt on account of the more comfortable circumstances they were then living in by reason of Prichard's thrift and industry, diminished the work she had been accustomed to do prior to her daughter's marriage. After that she seems only to have what the witnesses call ''ginned around.'' From the context, we take it that the witnessses meant by this expression that appellee performed such tasks as washing the dishes, peeling potatoes, sometimes cooking, making beds and the like. The record overwhelmingly establishes the fact that from 1905 until 1920 appellee was furnished a most comfortable home, that she was well kept, well fed, well nurtured; that her physical ailments were looked after with due regard; and that she had no cause whatsoever to complain of the treatment accorded her.

A year or so prior to the institution of this litigation she left the house of appellant miffed over some imaginary slight, but she soon returned and lived with her daughter until 1920, when she again left and has not returned. She left this time because she seems to have been angry with her son-in-law, because he did not contribute towards the burial expenses of her son, Lewis, who had in the meantime died, and because she seems to have been twitted on one occasion about having turned Republican. It is true she says something in the record about not being treated courteously by her daughter and son-in-law, but the record overwhelmingly disproves such assertion. After leaving her daughter's home and going to a son's home to live, appellee brought this suit to set aside her conveyance of the ten and sixty acre tracts in

1913 on the ground that the same was void because at that time she was a married woman and her husband did not join her in the deed of conveyance. Appellant at first traversed the fact that appellee was a married woman at the time of the conveyance in 1913, but after some proof had indisputably established this proposition she filed an amended answer and counterclaim in several paragraphs, the gist of which conceded the invalidity of the deed of 1913 on the ground asserted, but asked that the deed of the sixty acre tract made to appellee for the sole purpose of reconveyance to appellant and her husband be set aside, for compensation for the permanent improvements put on the ten acre tract, for compensation for taxes paid on it, and for the support of appellee from 1905 to 1913 at fifty cents a day, and from 1913 to 1920 at $1.00 a day. By reply appellee traversed the affirmative allegations in the answer and also set up the fact that appellant should be charged with the rental value of the land during the years in question. On submission the trial court cancelled the conveyance of appellee to appellant in 1913 of both the sixty and ten acre tracts; likewise cancelled the conveyance of the appellant to the appellee in that year of the sixty acre tract, gave appellants judgment in the sum of $749.00 for the enhancement in value of the ten acre tract by reason of the improvements placed upon it by the appellant, Jim Prichard, adjudged appellants a lien on the land for this $749.00, but dismissed the appellants' claim for the support of appellee on the theory that the rents with which appellants should be charged and the work which the record shows the appellee performed balanced the taxes and value of her support during these years. It is solely from this last part of the judgment that this appeal is taken.

The record shows that at the time the appellant and appellee went to live together in 1905 the ten acre tract was worth probably some $500.00, but that due to Jim Prichard's husbandry, accompanied by the natural increase in valuation of lands, the property at the time this litigation was instituted was worth some $1,500.00. The witnesses differ radically as to the rental value of this ten acre tract during the years in question, as they likewise differ about the amount of work the old lady did during that period. That she did perform a great

deal of labor during the earlier years is apparent. It is equally apparent that this labor was lessened as the years advanced, but we cannot say but that the "ginning around" of the old lady was of some benefit and help and assistance towards the maintenance of the household of appellant and appellee. Without entering into a minute discussion of the evidence we have come to the conclusion that, considering the value of the old lady's work and the rental value of the property, which, of course, increased as its fertility was enhanced by Prichard's efforts, and balancing this against the taxes paid by Prichard and what was a fair charge for the old lady's keep during these years, in determining which we have taken into consideration what the parties at the inception of their contract by their agreement indicated what would be fair, in that at that time appellee being sixty-five years had an expectancy of some twelve years of life and the daughter was willing to support her during this period for a farm then worth some $500.00, we have come to the conclusion that the sum of $500.00 for appellant is a fair and reasonable sum to strike the balance between such debits and credits; and that hence the lower court erred in dismissing this branch of appellants' claim. The parties concede the rule that where a married woman elects to avoid her deed for the reasons relied on in this action she must return the consideration. Furish, Admr. v. Lilly, 27 Ky. L. R. 226, 84 S. W. 734; Cf. East Jellico Coal Co. v. Jones, 141 Ky. 308, 132 S. W. 411. The appellee, therefore, having enjoyed the support she did during these years, which as we have indicated was worth $500.00 over and above the value of her labor, the rental value of the land, and what taxes appellants paid upon the ten acre tract, must repay this sum to appellants on her avoidance of her deed. The judgment is therefore reversed with instructions to enter the judgment the court has heretofore entered, with the exception that there should be added thereto a further judgment in favor of appellants in the sum of $500.00, with interest from the date of the entry of the original judgment, and with a lien upon the land to secure the same.