# Hall v. Hall et al.

(Decided November 11, 1930.)

JOHN J. HOWE and CHAS. H. STROTHER for appellant.

ALEX. HOWARD for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

C. T. Hall instituted an action against his two infant children seeking equitable relief. The petition as amended was dismissed on demurrer, resulting in this appeal by Hall.

The petition alleged that Cora T. Hall, former wife of the appellant, had died intestate, survived by two children, who were the defendants. Cora T. Hall and her sister were the joint owners of a tract of land in Kenton county. Cora T. Hall acquired by purchase the undivided half interest of her sister. The consideration was $4,000, for which Cora T. Hall executed her note to her sister due one day after date. Thereafter, Cora T. Hall exe-

cuted a deed whereby she attempted to convey an undivided half interest in the land to her husband, C. T. Hall. The consideration recited was his agreement to pay $4,000 purchase money due to the sister, to secure which a lien was reserved. It was alleged also, in the original petition, that Hall had paid $2,850 of the consideration, and had erected valuable improvements on the land at an expense of $1,500, which exceeded the rental value of the property during the period of his possession. It was alleged, further, that he had been given possession of the land when the conveyance was made and that he was still in possession of the property. It was expressly stated in the petition that the deed of Mrs. Hall to the plaintiff was void, but it was claimed that the title should be perfected in plaintiff in order to secure his payment of the consideration and to reimburse him for the value of the improvements.

In an amended petition, Hall alleged that subsequent to the filing of the petition, he had paid the remainder of the consideration due for the land, and asserted an equity because of the purchase money paid and lasting improvements made on the land. He averred that it was to the interest and advantage of his children that the land he conveyed to him. Upon this appeal, it is insisted that the court erred in sustaining the demurrer to the petition and in refusing to award him any relief.

The argument for the appellant is that although the deed was void he was entitled to specific enforcement of the contract. He relies especially upon the case of Doty v. Cox, 22 S. W. 321, 15 Ky. Law Rep. 68.

It is true that in working out the equities of that case, a husband was compelled to keep property which had been conveyed to him by his wife and her sister in consideration of the payment by him of several debts. It was done because it was inequitable to change the situation which the parties themselves had created. The husband asserted an agreement with his wife to the effect that she would convey to him other land that she had inherited in addition to that she and her sister had conveyed to him. The court said that the deed from the wife passed no title and only the title of the sister passed to the husband. It was expressly held that no agreement between the husband and wife could be enforced, but the land was liable for the debts the husband had

paid and the heirs had no interest in it because such debts exceeded the entire value. In adjusting the equities the husband was compelled to keep the land for the debts he had paid. The circumstances in that case clearly distinguish it from the present one. It is apparent that the husband cannot enforce any contract he had with his wife, and the deed she made is wholly void. Ky. Stats., sec. 506; Duncan v. Jenkins, 215 Ky. 543, 286 S. W. 783; Farley v. Stacey, 177 Ky. 109, 197 S. W. 636, 1 A. L. R. 1181.

It is insisted, however, that the petition stated a cause of action, in that it exhibited an equitable interest in the appellant to the extent of the consideration he had paid, and in so far as the improvements he had made on the property enhanced the vendible value thereof. If the petition as amended stated a cause of action and demanded the appropriate relief, it was error to sustain the general demurrer thereto. Civil Code of Practice, sec. 90; Farley v. Gibson, 235 Ky. 164, 30 S. W. (2d) 876.

The pleading contained a prayer for the plaintiff to be adjudged a lien on the property to the extent of the consideration paid It is an ancient rule that one who seeks to recover possession of land from one holding under a void contract or conveyance is bound to do equity. Whilst the defendant may not have specific enforcement of his invalid contract and cannot defeat an action by the real owners for the recovery of the land, he does have a resisting equity within certain limits, and subject to certain reasonable restrictions. Such resisting equity entitles a defendant to retain possession of the property until he has been reimbursed for the consideration paid, and for the value of the improvements made in good faith which added to the vendible value of the property, or to have a lien adjudged in his favor as a condition of granting the relief sought against him. Fox's Heirs v. Longly, 1 A. K. Marsh. 388; Usher v. Flood, 83 Ky. 552; Dean v. Cassidy, 88 Ky. 572, 11 S. W. 601; 11 Ky. Law Rep. 105; Bullitt v. Eastern Ky. Land Co., 99 Ky. 324, 36 S. W. 16, 18 Ky. Law Rep. 230; Elliott v. Walker, 145 Ky. 71, 140 S. W. 51; Coffey v. Humble, 154 Ky. 708, 159 S. W. 554; Caldwell v. Davidson, 187 Ky. 492, 219 S. W. 445.

But the resisting equity which he has is a shield and not a sword, and does not authorize him to maintain an action for affirmative relief in advance of an attempt to eject him from the premises. When the heirs attempt to reclaim the property on the ground that their mother's deed was void, it will be time enough for the defendant to rely upon his resisting equity. Prichard v. Smith, 211 Ky. 662, 278 S. W. 131; Elliott v. Walker, 145 Ky. 71, 140 S. W. 51; Boone v. Coe, 153 Ky. 233, 154 S. W. 900, 51 L. R. A. (N. S.) 907; Grainger v. Jenkins, 156 Ky. 257, 160 S. W. 926, L. R. A. 1915E, 404; Glazebrook v. Glazebrook's Ex'r, 227 Ky. 628, 13 S. W. (2d) 776; Sizemore v. Davidson, 183 Ky. 166, 208 S. W. 810.

The action of the court in sustaining the demurrer to the plaintiff's pleading in this case will be no bar to an assertion of his defensive equities when he is called upon to surrender the land and a suit is filed against him to recover it. Robenson v. Yann, 224 Ky. 56, 5 S. W. (2d) 271; Pepper v. Donnelly, 87 Ky. 259, 8 S. W. 441, 10 Ky. Law Rep. 140; Thomas v. Bland, 91 Ky. 1, 14 S. W. 955, 12 Ky. Law Rep. 640, 11 L. R. A. 240; Coleman-Clark Gro. Co. v. Covington Bros. & Co., 186 Ky. 738, 217 S. W. 889.

Nothing is decided at this time except that the appellant, on the facts stated, has no present right of action for affirmative relief against his infant children.

The judgment is affirmed.