# Lamaster et al. v. Dean.

Dec. 11, 1945.

142

H. K. Northcutt for appellants.

Elizabeth Turner Sympson for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—
Affirming.

The action was instituted by P. G. Dean, administrator of the estate of J. D. Burton, deceased, against the numerous heirs of Mr. Burton, to settle the estate and to sell certain real estate to pay the debts of the decedent. Appellee, W. R. Dean, nephew of Mr. Burton, filed a claim against the estate, which was reported favorably by the Master Commissioner and allowed by the Court. Appellants, Ollie Burton LaMaster, Henry Burton, and Ellis Burton, have appealed from the order allowing this claim.

Mr. Burton died April 6, 1943; the administrator was appointed April 17, 1943; and the suit was instituted May 3, 1943. The claim consisted of three items: one in the sum of $1,018, another $250, and a third $200, totaling $1,468. Objection is made to the $250 and $200 items, because, it is contended, they were not obligations signed by the decedent, and were not verified by a person other than the claimant. Objection is made to the allowance of all of the claims, because, it is contended, they are barred by the Statute of Limitations; that, if wrong in that contention, they are of the nature that would be presumed to have been paid by reason of lapse of time; and the purported supplemental proof of claim filed by the claimant is insufficient to constitute a demand against the estate.

The first contention is without merit, because, in our opinion, all three items of the claim are obligations signed by the deceased. In addition to a note representing an obligation accumulating from the year 1913 to the year 1921 in the sum of $1018, appellee introduced his business account book showing the various items making up the amount of $1018, together with the $250 and $200 items. Both the note and the account were signed by Mr. Burton. The account reads:

"1913 to 1935

To J. D. Burton for land.

2-27-1913 Mrs. Annie B. Dean check ............\$ 50.00
5-19-1913 Mrs. Annie B. Dean check ............ 175.00
11-18-1913 Mrs. Annie B. Dean check ........... 40.00
4-16-1914 Mrs. Annie B. Dean check ............ 15.00
5-28-1914 Mrs. Annie B. Dean check ............ 35.00
2-21-1919 Mrs. Annie B. Dean check ............ 5.00
3-22-1919 Liberty Bond 100.00
      Cash 48.00 ................. 148.00
4-21-1921 Cash ............................... 51.00
10-20-1921 Check in full for land (\$1018.00) ...... 499.00

At 6% int. until settled

11-26-1923 Cash when Deposit Bank of Sulphur
     closed to pay Martin for fertilizer.. 250.00
5-4-1935
\$200.00 and Riley's int. in sheep and lambs on.... 200.00
In full Pruitt place to draw 6% int.
     (Signed) J. D. Burton".

 Mrs. Annie B. Dean was the mother and business partner of W. R. (Riley) Dean; they kept a joint bank account in the mother's name. The payments totaling \$1018 were payments made for the purchase of land referred to in the record as the Dave Wainscott and W. S. Burton land. When paid for, and upon demand, Mr. Burton was to deed the land to Mr. Dean or return the money to him. The entire purchase price of the land was paid in accordance with the above account, but demand was never made for a settlement or deed. The \$250 item represented cash loaned to Mr. Burton by Mr. Dean to pay for fertilizer purchased by Mr. Burton from a Mr. Martin; his reason for borrowing the money from Mr. Dean was that the Bank of Sulphur, with which Mr. Burton did business, had closed, freezing his account. The \$200 item represented Mr. Dean's part of jointly owned sheep and lambs, and for the balance owing on the Pruitt place, which was another farm he was to purchase from Mr. Burton. Mr. Burton signed the page in Mr. Dean's account book, in order that Dean might have a memorandum of what Mr. Burton owed him. This uncontradicted evidence was given by Mr. Dean, who was introduced by the administrator of the estate, and to the competency of which testimony no objection was made.

Irrespective of the fact that the first item of the claim sued on was an obligation created thirty years previous to the death of Mr. Burton, the Statute of Limitations did not toll the debt, because a settlement of accounts between Mr. Burton and Mr. Dean was made in the year 1921, and the obligation of Mr. Burton to Mr. Dean as of that date was reduced to writing and signed by the obligor. It, together with the remaining items of the claim, was thereafter acknowledged by Mr. Burton in affixing his signature to the itemized account contained in Mr. Dean's business records in the year 1935, only eight years before Mr. Burton's death. This written acknowledgment tolled the running of the statute, at least until the day after the acknowledgment of the debt. Even if this were not true, it is doubtful that the period of limitation on the $1018 item ever commenced in the lifetime of Mr. Burton, because it was not payable until demand was made for a deed to the property for the purchase of which the money was advanced or for repayment of the money so advanced. In Back v. Back's Adm'r., 281 Ky. 282, 135 S. W. 2d 911, 914, the Court said: ''We have held that the statute (of limitations) does not operate against the right to recover the purchase money, until the vendor refuses to execute the conveyance. As long as there was no demand there could be no refusal, and in this case the heirs, through the personal representative, chose to sue for the alleged paid purchase price rather than for reconveyance. Elliott v. Walker, 145 Ky. 71, 140 S. W. 51.''

The presumption of payment because of lapse of time (more than twenty years) may not be relied upon as a defense to an action upon an account or note, where the obligor, as in this case, signed a writing acknowledging the debt within twenty years of the demand. The acknowledgment of the debt completely repels the presumption of payment which otherwise might have been indulged. In Waters v. Waters, 58 Ky. 519, 1 Metc. 519, it was held that a demand of payment made by the creditor within the twenty-year period was sufficient to overcome conclusively the presumption of payment which otherwise might have been relied upon. If a demand of payment by the obligee is sufficient to repel the presumption, certainly an acknowledgment of the debt by the obligor will do so.

The basis of the contention that appellee's amended

proof of claim is not sufficient to constitute a demand upon the estate seems to be that the writing signed by Mr. Burton on May 4, 1935, was signed by him after Mr. Dean had been adjudicated insane, and prior to the time of his restoration, which was had before the judgment appealed from was entered. The argument is that Mr. Dean is presumed to have been incompetent to contract at that time, and therefore Mr. Burton's signing of the obligation was ineffectual. The fallacy of this argument, and the reason for which the contention must be rejected, lies in the fact that a contract by an insane person is not void, but only voidable at the instance of the incompetent or his representative. Cummins' Adm'r. v. Walker's Committee, 252 Ky. 5, 66 S. W. 2d 48.

Finally, complaint is made that the Court erred in not re-referring the case to the Master Commissioner to make a more detailed report of the Commissioner's approval of the claim. But such action on the part of the Court, if it could be deemed an error, which we think it was not, certainly was not prejudicial to appellants; because the decision ultimately rested with the Chancellor, who, in overruling the motion, gave appellants ample time to produce evidence in defense of the claim. We are of the opinion that the Court properly allowed, and entered judgment in favor of, the claim of Mr. Dean.

The judgment is affirmed.